Bron E. D'Angelo, Esq., SBN 246819
Justin R. Felton, Esq., SBN 299398
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Boulevard, Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com
         jfelton@pettitkohn.com

Attorneys for Defendant
**WALMART STORES, INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRICE THOMAS,<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART, INC., a corporation;<br>and DOES 1 - 25, inclusive,<br><br>                    Defendant(s). | CASE NO.:  2:18-CV-03422<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**<br><br>Courtroom:<br>District Judge:<br>Magistrate Judge:<br>Complaint Filed:    July 10, 2017<br>Trial Date:         None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART STORES, INC.

("WalMart"), by and through its counsel, hereby removes that above-entitled action

filed by Plaintiff LATRICE THOMAS ("Plaintiff") in the Superior Court of the

State of California, County of Los Angeles, Case No. BC661128 to the United

States District Court, Central District of California pursuant to 28 U.S.C. §1441,

and respectfully alleges as follows:

1.     Jurisdiction of this action is founded upon 28 U.S.C. §§1332, 1441(a)

and (b) as the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between citizens of different states.

///

2.     On May 11, 2017, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Latrice Thomas v. WalMart, Inc.*, Case Number BC661128 ("the State Action").  A copy of the complaint filed in the State Action is attached hereto as **Exhibit "1".**

3.     Plaintiff's complaint does not indicate what state Plaintiff is a citizen of nor does it indicate where she is domiciled.  See **Exhibit "1".**

4.     Walmart was served with a copy of the complaint filed in the State Action and a summons from the State Court on January 18, 2018.  A copy of the Proof of Service re Summons is attached hereto as **Exhibit "2".**

5.     WalMart timely filed its Answer to Plaintiff's complaint along with a Demand for Jury Trial in the State Action, on January 26, 2018, attached hereto as **Exhibit "3".**

6.     Based on a review of the State Court file as of April 24, 2018, no other Defendant has been served with any summons or complaint in the State Action.  No proceedings have been had in the Los Angeles Superior Court.  The Los Angeles Superior Court set a trial date of November 13, 2018.

7.     Plaintiff's complaint purports to assert causes of action for personal injury and premises liability.  Plaintiff's complaint seeks to recover damages for loss of earning capacity, hospital and medical expenses, future medical expenses, and past and future general damages.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

8.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 (a)(1), because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 (a) and (b).

9.     On or about April 2, 2018, Plaintiff served a Statement of Damages along with her Complaint.  In that statement, Plaintiff identified over $1.0 M in general damages, past medical expenses, future medical expenses, and

2

NOTICE OF REMOVAL OF ACTION
CASE NO.: 2-18-CV-03422

1  loss of future earning capacity. (A true and correct copy of Plaintiff's response to

2  Statement of Damages is attached as **Exhibit "4"**.)

3      10.    On January 25, 2018, Defendant served Form Interrogatories, Set One

4  to Plaintiff, specifically requesting information related to Plaintiff's domicile for the

5  past five (5) years. A true and correct copy of Defendant's Form Interrogatories, Set

6  One is attached hereto as **Exhibit "5"**. Defendant also concurrently served Request

7  For Admissions, Set One. (A true and correct copy of Defendant's Request for

8  Admissions, Set One is attached to the Notice of Removal as **Exhibit "6"**.)

9      11.    After numerous extensions on answering discovery, Plaintiff

10  responded to Wal-Mart's Form Interrogatories, Set One and Request for

11  Admissions, Set One, on April 2, 2018. (Attached as **Exhibit "7"** is a true and

12  correct copy of Plaintiff's verified responses to Defendant's Form Interrogatories,

13  Set One, with a proof of service via regular mail dated April 2, 2018; See also

14  **Exhibit "8"** verified responses to Defendant's Requests For Admissions, Set One,

15  with a proof of service via regular mail dated April 2, 2018.)

16      12.    These responses indicate that Plaintiff is a citizen and resident of

17  California with a residence and domicile for the past five (5) years located in Los

18  Angeles, California. (See **Exhibit "7",** response 2.5, and **Exhibits "6" &"8",**

19  numbers 21 and 221. See also *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).)

20  Plaintiff also admitted in her verified response to Defendant's Request for

21  Admissions number 19 that her damages are in excess of $75,000.

22      13.    Wal-Mart was and is a corporation incorporated under the laws of the

23  State of Delaware and having its principal place of business in the State of

24  Arkansas, and is therefore a citizen of the State of Delaware and State of Arkansas.

25  Attached to the Notice of Removal as **Exhibit "9"** is a true and correct copy of

26  WalMart's Corporate information from the California Secretary of State Business

27  Portal.

28  ///

2354-8885

14.     Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California, County of Los Angeles; Co-Defendant WalMart is a citizen of the State of Arkansas, where it is headquartered, and the State of Delaware, where it is incorporated.   Attached to the Notice of Removal as **Exhibit "10"** is a true and correct copy of Arkansas Secretary of State Business Portal.

15.     Additionally, as noted above, the amount in controversy, exclusive of costs and interests, exceeds the minimum requirement required for diversity jurisdiction under 28 U.S.C. § 1332 (A).

16.     Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441 (a).

17.     Removal is timely under 28 U.S.C. section 1446 (b) because this Notice of Removal is filed within 30 days of WalMart receiving notification from Plaintiff's  discovery responses that she is a citizen of California and that the total amount in controversy exceeds the jurisdictional requirements of $75,000, exclusive of costs and interests.

18.      Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff.  A true and correct copy of this Notice of Removal and the concurrently-filed Notice of Interested Parties and Civil Cover Sheet will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

///

///

///

///

///

///

///

4

2354-8885

1     **WHEREFORE**, WalMart requests that the above-entitled action be removed

2  from the Superior Court of the State of California, County of Los Angeles, to this

3  District Court.

4

5

6                          **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

7

8  Dated: April 24, 2018      By:    s/ Justin R. Felton

9                             Andrew O. Smith, Esq.
Justin R. Felton, Esq.

10                         Attorneys for Defendant
**WALMART STORES, INC.**

11                         aosmith@pettitkohn.com
jfelton@pettitkohn.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2354-8885

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**

was/were served on this date to counsel of record:

[ X ]   **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:**  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

Farid Yaghoubtil, Esq.
Downtown L.A. Law Group
3470 Wilshire Blvd, Suite 634
Los Angeles, CA  90010
Tel:   (213) 389-3765
Fax:   (877) 389-2775
Email: Farid@downtownlalaw.com
**Attorneys for Plaintiff**
**LETRICE THOMAS**

Executed on April 24, 2018, at Los Angeles, California.

*/s/ Lisa Seals*

Lisa Seals

2354-8885

NOTICE OF REMOVAL OF ACTION
CASE NO.: 2-18-CV-03422

# TABLE OF CONTENTS OF EXHIBITS

## NOTICE OF REMOVAL

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Complaint filed in the Superior Court of the State of California in and for the County of Los Angeles, on May 11, 2017 in case number BC661128 | 7 |
| 2 | Proof of Service of Summons for Wal-Mart Store dated January 18, 2018 | 13 |
| 3 | Answer to Complaint and Demand for Trial by Jury filed in Superior Court of State of California for County of Los Angeles on January 26, 2018 | 15 |
| 4 | Plaintiff's Statement of Damages, served on April 2, 2018 | 25 |
| 5 | Form Interrogatories, Set One, to Plaintiff, served on January 25, 2018 | 28 |
| 6 | Request For Admissions, Set One, to Plaintiff, served on January 25, 2018 | 38 |
| 7 | Plaintiff's verified responses to Defendant's Form Interrogatories, Set One, with a proof of service via regular mail dated April 2, 2018 | 44 |
| 8 | Plaintiff's verified responses to Defendant's Request for Admissions, Set One, with a proof of service via regular mail dated April 2, 2018 | 76 |
| 9 | California Secretary of State Business Entity Detail | 83 |
| 10 | Arkansas Secretary of State Business Entity Detail | 85 |

1   FARID YAGHOUBTIL, ESQ., State Bar No. 282476
2   DANIEL AZIZI, ESQ., State Bar No. 268995
    DOWNTOWN L.A. LAW GROUP
3   3470 Wilshire Blvd., #634
    Los Angeles, CA 90010
4   Tel: (213)389-3765
    Fax: (877)389-2775
5   Email: Farid@downtownlalaw.com

6

7   Attorneys for Plaintiff
    LATRICE THOMAS
8

FILED
Superior Court Of California
County Of Los Angeles

MAY 11 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
    Charlie L. Coleman

A 7 1 1 0
90008
D 91 Nieto

9                   SUPERIOR COURT OF CALIFORNIA

10          FOR THE COUNTY OF LOS ANGELES - STANLEY MOSK

11

12   LATRICE THOMAS, an individual,            Case No. BC 6 6 1 1 2 8

13                       Plaintiff,
                                                Judge:
14                                              Dept.:
          v.
15                                              (UNLIMITED CIVIL ACTION)
     WALMART, INC., a corporation; and DOES     (DEMAND EXCEEDS $25,000)
16   1-25, inclusive,
                                                COMPLAINT FOR DAMAGES
17
                         Defendants.               1.  NEGLIGENCE
18                                                 2.  PREMISES LIABILITY
19
                                                [JURY TRIAL DEMANDED]
20

21

22       COMES NOW, Plaintiff, LATRICE THOMAS, and alleges against Defendants, and

23   each of them, as follows:

24       1.    Plaintiff is informed and believes, and based upon such information and belief,

25   alleges that at all times relevant hereto Defendants WALMART, INC., and DOES 1-25, are

26   and at all times herein mentioned where individuals, corporations, sole proprietors,

27   shareholders, associations, partners and partnerships, joint venturers, and/or business entities

28

*(left margin)* Downtown L.A. Law Group
3470 Wilshire Blvd., ST. #634
Los Angeles, CA 90010

1
COMPLAINT FOR DAMAGES

EXHIBIT 1
7

1   unknown, primarily residing and doing business in the county of Los Angeles, State of

2   California.  At all times herein mentioned, said Defendants were the owners, lessors, sub-

3   lessors, managing agents, landlords, renters, managers, operators, marketers, inspectors,

4   maintainers and controllers, of a commercial property located at 4101 Crenshaw Blvd. Los

5   Angeles, CA 90008, (hereinafter referred to as "THE SUBJECT PREMISES"), to which

6   building the general public is invited to come.

7        2.        Defendants DOES 1-25, inclusive, are sued herein under fictitious names,

8   their true names and capacities being unknown to Plaintiff.  Plaintiff will amend this

9   complaint to allege their true names and capacities when ascertained.  Plaintiff is informed

10  and believes and thereon alleges that each of the fictitiously named Defendants is responsible

11  in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein

12  alleged were proximately caused by those Defendants.

13       3.        At all times herein mentioned, each of the Defendants were the agents,

14  servants, and employees of their co-defendants, and in doing the things hereinafter alleged

15  were acting in the scope of their authority as agents, servants, and employees, and with

16  permission and consent of their co-defendants.  Plaintiff is further informed and believes, and

17  thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized

18  the acts alleged herein to each of the remaining Defendants.

19

20              **FIRST CAUSE OF ACTION**

21                   **NEGLIGENCE**

22                **(Against All Defendants)**

23       4.        Plaintiff re-alleges each and every allegation contained in the above

24  Paragraphs 1 through 3, and by this reference incorporates said paragraphs as though fully set

25  forth herein.

26       5.        On or about December 3, 2015, Plaintiff was lawfully on the premises of

27  Defendant WALMART, INC. Plaintiff LATRICE THOMAS had finished her breakfast at

28  the WALMART, INC., when her foot got caught on the raised mat on the stairs that was not

Downtown L.A. Law Group
3470 Wilshire Blvd, ST. #654
Los Angeles, CA 90010

2

**COMPLAINT FOR DAMAGES**

EXHIBIT 1
8

1  properly placed/secured causing her to trip and fall down the stairs. At all times herein

2  mentioned, defendants, and each of them, had sole and exclusive custody and control of the

3  aforesaid building and activities occurring at said building, and owed a duty to this plaintiff

4  and others lawfully on said premises to keep said premises in a good and safe condition;

5  contrary thereto, defendants, and each of them, were negligent, careless and reckless in the

6  ownership, care, control, maintenance, operation, leasing, management, caretaking, repairing,

7  contracting, and subcontracting of said premises, in that they caused and permitted said

8  premises to be and remain in a dangerous and unsafe condition in that defendants, and each

9  of them, caused or permitted structures and/or components and/or other parts of said building

10  to be and remain, worn, torn, broken cracked, wet, and otherwise deficient. In addition,

11  defendants, and each of them were negligent, careless and reckless in that they failed to

12  properly warn of the dangerous condition, and in that they failed to properly protect the area

13  of said dangerous condition.

14       6.    Said defendants, and each of them, fully and well knew, or should have

15  known in the exercise of reasonable care, that the structures and/or components and/or other

16  parts of said building were in a dangerous and defective and unsafe condition, and a menace

17  to plaintiff and others lawfully on said premises.

18

19       7.    By reason of the aforesaid negligence, carelessness and recklessness of

20  defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, a

21  raised mat on the stairs that was not properly placed/secured at said property was not

22  properly placed and/or secured, causing plaintiff to sustain the injuries and damages as

23  hereinafter alleged.

24       8.    As a direct and proximate result of the negligence, carelessness and

25  recklessness of defendants, and each of them, as aforesaid, plaintiff was hurt in her health,

26  strength and activity, sustaining severe shock and injuries to her person, all of which said

27  injuries have caused, continue to cause, and will in the future cause plaintiff great physical

28

Downtown L.A. Law Group
3470 Wilshire Blvd., ST. #654
Los Angeles, CA 90010

**3**

EXHIBIT 1
9

1  and emotional pain and suffering; plaintiff is informed and believes, and therefore alleges,

2  that said injuries are permanent in nature, all to his damage in a sum according to proof.

3      9.      As a direct and proximate result of the negligence, carelessness and

4  recklessness of defendants and each of them, as aforesaid, plaintiff has been required to

5  obtain medical services, and plaintiff has suffered severe emotional distress.

6                          **SECOND CAUSE OF ACTION**

7                              **PREMISES LIABILITY**

8                              **(Against All Defendants)**

9      10.     Plaintiff re-alleges each and every allegation contained in the above

10  Paragraphs 1 through 9, and by this reference incorporates said paragraphs as though fully set

11  forth herein.

12      11.     On or about December 3, 2015, Defendants WALMART, INC., and DOES 1-

13  25, inclusive, carelessly and negligently owned, rented, managed, leased, supervised,

14  inspected, operated, maintained and/or controlled the premises located at 4101 Crenshaw

15  Blvd. Los Angeles, County of Los Angeles, California such that it was in a dangerous,

16  defective and unsafe condition in conscious disregard for the risk of harm to invitees thereon.

17  By reason of said carelessness, negligence and conscious disregard of the defendants, and

18  each of them, said premises were unsafe and dangerous to the general public and specifically

19  Plaintiff, LATRICE THOMAS.

20

21      12.     Defendants WALMART, INC., and Does 1-25, inclusive, and each of them,

22  failed to warn Plaintiff of said dangerous, defective and unsafe condition, although said

23  defendants, and each of them, knew of said condition.

24      13.     As a direct and legal result of said carelessness, negligence and conscious

25  disregard of Defendants WALMART, INC., and Does 1-25, inclusive, and each of them,

26  Plaintiff was seriously injured when she tripped on a raised mat on the stairs that was not

27  properly placed/secured due to the unsafe, hazardous conditions of said premises.

28                              **PRAYER FOR RELIEF**

Downtown LA Law Group
3470 Wilshire Blvd., ST. #634
Los Angeles, CA 90010

4

**COMPLAINT FOR DAMAGES**

EXHIBIT 1
10

1    WHEREFORE, Plaintiff demands judgment against Defendants as follows:

2    1.    For general damages in a sum according to proof;

3    2.    For medical, hospital, and related expenses according to proof;

4    3.    For loss of future earning capacity according to proof;

5    4.    For costs of suit herein incurred;

6    5.    For such other and further relief as this Court may deem proper.

7

8

9    DATED: May 10, 2017                    DOWNTOWN L.A. LAW GROUP

10

11

12                                          BY: Farid Yaghoubtil, Esq.
                                            Attorney for Plaintiff,
13                                          LATRICE THOMAS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**COMPLAINT FOR DAMAGES**

EXHIBIT 1
11



## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.

DATED: May 10, 2017

DOWNTOWN L.A. LAW GROUP

BY: Farid Yaghoubti, Esq.
Attorney for Plaintiff,
LATRICE THOMAS

Downtown L.A. Law Group
3470 Wilshire Blvd., ST. #654
Los Angeles, CA. 90010

6

**COMPLAINT FOR DAMAGES**

EXHIBIT 1
12

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Farid Yaghoubtl, Esq. | SBN: 282476
DTLA Law Group
3460 Wilshire Blvd Suite #950 Los Angeles, CA 90010

TELEPHONE NO.: (213) 389-3765 | FAX NO. (877) 389-2775 | E-MAIL ADDRESS *(Optional)*: Daniel@Downtownlaw.com; esanchez@downtownlalaw.com; k.....@downtownlalaw.com
ATTORNEY FOR *(Name)*: Plaintiff: Latrice Thomas, an individual

*FOR COURT USE ONLY*

**FILED**
Superior Court Of California
County Of Los Angeles

JAN 19 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Glorietta Robinso.

**Los Angeles County Superior Court**

STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk - Central District

PLAINTIFF: **Latrice Thomas, an individual**

DEFENDANT: **Walmart, Inc., a corporation;et al.**

| CASE NUMBER: |
| --- |
| **BC661128** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **Latrice Thomas** |
| --- | --- |

*(Separate proof of service is required for each party served.)*

D - 91

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents)*: **Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment; Fourth Amended General Order - Final Status Conference, Personal Injury ("PI") Courts; Seventh Amended General Order**
3. a. Party served *(specify name of party as shown on documents served)*:

   **WalMart, Inc., a corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **CT Corporation Systems C/O Gladys Aguilar - Registered Agent for Service of Process**
   Age: 30 Weight: 130 Hair: Black Sex: Female Height: 5'7" Eyes: Brown Race: Hispanic
4. Address where the party was served: **CT Corporation System**
   **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**

5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **1/18/2018** (2) at *(time):* **9:45 AM**
   - b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
| --- | --- | --- |
| Judicial Council of California | | |
| POS-010 [Rev. January 1, 2007] | | POS010-1/49802 |

EXHIBIT 2
13

PETITIONER: Latrice Thomas, an individu...

RESPONDENT: Walmart, Inc., a corporation; et al.

| CASE NUMBER: |
| --- |
| BC661128 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*          (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **WalMart, Inc., a corporation**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)          ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)          ☐ 416.90 (authorized person)
☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                    ☐ other:

7. **Person who served papers**

a. Name: **Andrey Zinin - ON-CALL LEGAL**

b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**

c. Telephone number: **(310) 858-9800**

d. **The fee** for service was: **$ 88.50**

e. I am:

(1) ☑ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ registered California process server:
    (i) ☐ owner          ☐ employee          ☐ independent contractor.
    (ii) Registration No.:
    (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/18/2018**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

▶

_____
**Andrey Zinin**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

EXHIBIT 2
14

Bron E. D'Angelo Esq., SBN 246819
Justin R. Felton, Esq., SBN 299398
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com
        jfelton@pettitkohn.com

Attorneys for Defendant
**WALMART, INC.**

**Electronically**
# FILED
by Superior Court of California
County of Los Angeles on

## 01/26/18

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
            Carlos Hidalgo

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LATRICE THOMAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a corporation; and<br>DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.: BC661128<br><br>**DEFENDANT WALMART, INC.'S<br>ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Dept.: 91<br>Judge: Hon. Patricia Nieto<br>Filed: May 10, 2017<br>Trial: November 13, 2018 |

COMES NOW, Defendant **WALMART, INC.** ("Defendant"), severing itself from all other defendants, and in answer to the Unverified Complaint ("Complaint") of Plaintiff LATRICE THOMAS ("Plaintiff") on file herein, admits, denies and alleges as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, in the conjunctive and disjunctive, each and every cause of action and allegation contained in the Complaint, and the Complaint as a whole, and further generally and specifically denies that Plaintiff has sustained any loss, injury, or damage as a proximate result of any act, breach, or omission on the part of Defendant.

///

2354-8885

1

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT 3
15

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID : 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

E-SCANNED

1

### FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State Cause of Action)

3 As a first and separate affirmative defense, Defendant alleges that said Complaint, and

4 each and every cause of action or purported cause of action contained therein, fails to state facts

5 sufficient to constitute a cause of action against Defendant.

6

### SECOND AFFIRMATIVE DEFENSE

7

### (Failure to Mitigate Damages)

8 As a second and separate affirmative defense, Defendant alleges that Plaintiff has failed to

9 mitigate her damages, if any, in connection with the matters referred to in the Complaint and that

10 such failure to mitigate bars and/or diminishes the Plaintiff's recovery, if any, against Defendant.

11

### THIRD AFFIRMATIVE DEFENSE

12

### (Failure of Others to Exercise Reasonable Care)

13 As a third and separate affirmative defense, Defendant alleges that, if Defendant is

14 subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of

15 other defendants or other parties unknown at this time, and any recovery obtained by Plaintiff

16 should be barred or reduced according to law, up to and including the whole thereof.

17

### FOURTH AFFIRMATIVE DEFENSE

18

### (Exercise of Reasonable Care)

19 As a fourth and separate affirmative defense, Defendant alleges that, at all times relevant

20 herein, Defendant exercised reasonable care and did not know, and in the exercise of reasonable

21 care could not have known, of the alleged acts or allegations in connection with the conditions

22 which are the subject of the Complaint.

23

### FIFTH AFFIRMATIVE DEFENSE

24

### (Obvious Danger)

25 As a fifth and separate affirmative defense, Defendant alleges that Plaintiff failed to

26 exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid

27 the alleged accident.  The resulting injuries and damages, if any, sustained by Plaintiff were

28 ///

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID : 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

E-SCANNED

1  proximately caused and contributed to by the negligence of Plaintiff in that any possible danger

2  with regard to the accident in question was obvious to anyone using reasonable care.

3  **SIXTH AFFIRMATIVE DEFENSE**

4  **(Assumption of Risk)**

5  As a sixth and separate affirmative defense, Defendant alleges that at all times herein

6  mentioned, Plaintiff with full knowledge of all risks attendant thereto voluntarily and knowingly

7  assumed any and all risks attendant upon her conduct, including any purported damages alleged

8  to be related thereto and proximately caused thereby.

9  **SEVENTH AFFIRMATIVE DEFENSE**

10  **(Acts of Other Parties)**

11  As a seventh and separate affirmative defense, Defendant alleges that, if Defendant is

12  subjected to any liability by Plaintiff herein, it will be due in whole or in part to the acts and/or

13  omissions of other parties, or parties unknown at this time, and any recovery obtained by said

14  Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

15  **EIGHTH AFFIRMATIVE DEFENSE**

16  **(Intervening Acts of Others)**

17  As an eighth and separate affirmative defense, Defendant alleges that the injuries and

18  damages sustained by Plaintiff, if any, were proximately caused by the intervening and

19  superseding actions of others, which intervening and superseding actions bar and/or diminish

20  Plaintiff's recovery, if any, against Defendant.

21  **NINTH AFFIRMATIVE DEFENSE**

22  **(Lack of Notice)**

23  As a ninth and separate affirmative defense, Defendant alleges that it did not have either

24  actual or constructive notice of the conditions, if any, which existed at the time and places

25  mentioned in the Complaint, which conditions may have caused or contributed to the damages as

26  alleged herein.  Said lack of notice prevented Defendant from undertaking any measures to

27  protect against or warn of said conditions.

28  ///

2354-8885

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT 3

17

E-SCANNED

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID : 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a tenth and separate affirmative defense, Defendant is informed and believes, and thereon alleges that the Complaint is barred by the applicable statute of limitations contained in California Code of Civil Procedure, including but not limited to, sections 335.1 and 343.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Several Liability for Non-Economic Damages)**

As an eleventh and separate affirmative defense, Defendant is informed and believes, and thereon alleges that, if answering Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2, and therefore request a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault/Contributory Negligence)**

As a twelfth and separate affirmative defense, Defendant alleges damages are barred and/or limited based on the doctrines of comparative fault and contributory negligence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

As a thirteenth and separate affirmative defense, Defendant alleges that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs of which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

///

2354-8885

4

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID : 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

E-SCANNED

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

As a fourteenth and separate affirmative defense, Defendant reserves the right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against the Plaintiff as follows:

1.      That Plaintiff take nothing by way of her action;

2.      That Defendant be awarded costs of suit incurred herein; and,

3.      For any and all other relief as the Court deems just and proper according to the laws of the State of California.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated:  January 25, 2018          By: _____

Bron E. D'Angelo, Esq.
Justin R. Felton, Esq.
Attorneys for Defendant
**WALMART, INC.**

2354-8885

5

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

E-SCANNED

EXHIBIT 3
19

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID: 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

1

## PROOF OF SERVICE
*Latrice Thomas v. Walmart, Inc.*
**Los Angeles Superior Court Case No. BC661128**

2

3     I, the undersigned, declare that:

4     I am and was at the time of service of the papers herein, over the age of eighteen (18)
years and am not a party to the action.  I am employed in the County of Los Angeles, California,
5     and my business address is 5901 W. Century Blvd., Suite 1100, Los Angeles, California 90045.

6     On **January 25, 2018,** I caused to be served the following documents:

7     **DEFENDANT WALMART, INC.'S ANSWER TO COMPLAINT**

8     [ ]     **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax
number (310) 649-5777 to the fax numbers listed below.  The facsimile machine I used
9           complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.
I caused the machine to print a transmission record, a copy of which will be maintained
10          with the document(s) in our office.

11    [X]    **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to
each addressee, respectively, as follows:
12

13          [X]    **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
            [ ]    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
14          [ ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ.
                   Proc. §§ 1013(a)-(b))**

15    [ ]    **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court,
rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or
16          electronic transmission, I caused such document(s) to be electronically served to those
parties listed below from e-mail address baraiza@pettitkohn.com.  The file transmission
17          was reported as complete and a copy of the Service Receipt will be maintained with the
original document(s) in our office.
18

19    [ ]    **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an
electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online
Court Services through the upload feature at www.onelegal.com.
20

21    Farid Yaghoubtil, Esq.
Igor Fradkin, Esq.
22    Downtown L.A. Law Group
3470 Wilshire Blvd, Suite 634
Los Angeles, CA  90010
23    Tel:    (213) 389-3765
Fax:    (877) 389-2775
24    Email: Igor@downtownlalaw.com
Attorneys for Plaintiffs
25    **LATRICE THOMAS**

26          I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice, it would be deposited with the United States Postal Service on
27    that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary
course of business.  I am aware that service is presumed invalid if postal cancellation date or
28    postage meter date is more than one day after the date of deposit for mailing in affidavit.

2354-8885                                      6

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

E-SCANNED

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID : 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

EXHIBIT 3
20

1         I declare under penalty of perjury under the laws of the State of California that the
2    foregoing is true and correct.  Executed on **January 25, 2018**, at Los Angeles, California.

3

4    _____
     Lisa Seals

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT 3
21

E-SCANNED

2354-8885

CASE #:BC661128 RECEIPT #: 1180129D9128 DATE PAID : 01/29/18 11:03 AM TOTAL : 435.00 TYPE : EFT

Bron E. D'Angelo Esq., SBN 246819
Justin R. Felton, Esq., SBN 299398
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com
        jfelton@pettitkohn.com

Attorneys for Defendant
**WALMART, INC.**

Electronically
# FILED
by Superior Court of California
County of Los Angeles on

## 01/26/18

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
   Carlos Hidalgo

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

LATRICE THOMAS, an individual,

        Plaintiff,

v.

WALMART, INC., a corporation; and
DOES 1-25, inclusive,

        Defendants.

CASE NO.: BC661128

**DEMAND FOR TRIAL BY JURY**

Dept.: 91
Judge: Hon. Patricia Nieto
Filed: May 10, 2017
Trial: November 13, 2018

Defendant **WALMART, INC.** ("Defendant"), hereby demands a trial by jury.

                                 **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: January 25, 2018       By: _____
                               Bron E. D'Angelo, Esq.
                               Justin R. Felton, Esq.
                               Attorneys for Defendant
                               **WALMART, INC.**

2354-8885

1

E-SCANNED

**PROOF OF SERVICE**
*Latrice Thomas v. Walmart, Inc.*
**Los Angeles Superior Court Case No. BC661128**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of Los Angeles, California, and my business address is 5901 W. Century Blvd., Suite 1100, Los Angeles, California 90045.

On **January 25, 2018,** I caused to be served the following documents:

**DEMAND FOR TRIAL BY JURY**

[  ]   **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax number (310) 649-5777 to the fax numbers listed below.  The facsimile machine I used complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.  I caused the machine to print a transmission record, a copy of which will be maintained with the document(s) in our office.

[X]   **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    [X]   **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
    [  ]   **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
    [  ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

[  ]   **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or electronic transmission, I caused such document(s) to be electronically served to those parties listed below from e-mail address baraiza@pettitkohn.com.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

[  ]   **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online Court Services through the upload feature at www.onelegal.com.

Farid Yaghoubtil, Esq.
Igor Fradkin, Esq.
Downtown L.A. Law Group
3470 Wilshire Blvd, Suite 634
Los Angeles, CA  90010
Tel:   (213) 389-3765
Fax:   (877) 389-2775
Email: Igor@downtownlalaw.com
Attorneys for Plaintiffs
**LATRICE THOMAS**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

2354-8885

2

E-SCANNED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **January 25, 2018**, at Los Angeles, California.

_____

Lisa Seals

DEMAND FOR TRIAL BY JURY

EXHIBIT 3
24

E-SCANNED

2354-8885

1  Daniel Azizi, Esq., SBN 268995
   Igor Fradkin, Esq., SBN 299491
2  **DOWNTOWN L.A. LAW GROUP**
3  3460 Wilshire Blvd., Suite 950
   Los Angeles, CA 90010
4  Tel.: (213) 389-3765
   Fax: (877) 389-2775
5  Email: Igor@downtownlalaw.com

6  Attorneys for Plaintiff, LATRICE THOMAS

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11 LATRICE THOMAS, an individual,        Case No. BC661128
                                         Judge: Hon. Patricia D. Nieto
12              Plaintiff,               Dept.: 91

13      v.                               **PLAINTIFF'S RESPONSE TO**
                                         **REQUEST FOR STATEMENT OF**
14 WALMART, INC.; and DOES 1-25, inclusive,  **DAMAGES**

15                                       Complaint Filed:   May 11, 2017
                                         Trial Date:        November 13, 2018
16              Defendants.

17

18

19

20        **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

21

22        PLEASE TAKE NOTICE that Plaintiff LATRICE THOMAS hereby prays for the

23 following judgment against each of the Defendants in the case:

24

25        (A) General damages for injuries to health of mind and body and loss of

26 enjoyment of life in the sum of $1,000,000.00 (One Million Dollars);

27 ///

28 ///

1

**PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

EXHIBIT 4
25

1    (B) For medical expenses and hospital care and treatment for said injuries in an

2    amount as follows:

3        1. California Hospital Medical Center in the sum of $2,869.00;

4        2. Hess Rehabilitation in the sum of $3,625.00;

5        3. George Rappard, M.D. in the sum of $7,786.00;

6        4. Anthony Bledin, M.D. in the sum of $1,800.00;

7        5. David Mordecai, M.D. in the sum of $630.00;

8        6. Elite Surgery Center in the sum of $14,800.00;

9        7. ProHealth Advantage Imaging in the sum of $1,375.00;

10       8. Thomas J. Hopkins, M.D. in a sum to be determined;

11   (C) For future medical expenses and hospital care and treatment in an amount not

12   yet fully ascertained;

13   (D) For loss of earnings and loss of capacity to earn a living in an amount not yet

14   fully ascertained;

15   (E) For each and every other item of special damages as a result of said accident in

16   an amount not yet fully ascertained;

17   (F) For prejudgment interest.

18

19   Dated: April 2, 2018                    **DOWNTOWN L.A. LAW GROUP**

20

21

22   By: _____

23   Igor Fradkin, Esq.
     Attorneys for Plaintiff,
     LATRICE THOMAS

24

25

26

27

28

2

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

3

4       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3460 Wilshire Blvd., Suite 950, Los Angeles, CA 90010.

5

6       On April 2, 2018, I served the foregoing document described as:

7   **PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

8   on said parties in this action as follows:

9   Bron E. D'Angelo, Esq.

10  Justin R. Felton, Esq.
    **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

11  5901 W. Century Blvd., Ste. 1100
    Los Angeles, CA 90045

12  *Attorneys for Defendant, Walmart, Inc.*

13

14  ☑       **BY MAIL:**  I am familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

18      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

20      Executed on April 2, 2018 at Los Angeles, California.

21

22  _____

23          Raphael Moreno

24

25

26

27

28

3

**PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

EXHIBIT 4
27

**DISC-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Bron E. D'Angelo, Esq.(SBN 246819)/Justin R. Felton, Esq. (SBN 299398)
PETTIT KOHN INGRASSIA LUTZ & DOLIN, PC
5901 W. Century Boulevard, Suite 1100, Los Angeles, CA 90045
TELEPHONE NO.: (310) 649-5772
FAX NO. *(Optional):* (310) 649-5777
E-MAIL ADDRESS *(Optional):* jfelton@pettitkohn.com
ATTORNEY FOR *(Name):*   Defendant WALMART INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES

Stanley Mosk Courthouse 111 N. Hill st., Los Angeles CA 90020

SHORT TITLE OF CASE:

### LATRICE THOMAS v. WAL-MART STORES, INC.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Defendant WALMART INC.<br><br>Answering Party: Plaintiff LATRICE THOMAS<br>Set No.: ONE | BC661128 |

**Sec. 1. Instructions to All Parties**
(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**
(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**
(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
          *(DATE)*                                  *(SIGNATURE)*

**Sec. 4. Definitions**
Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

| Form Approved for Optional Use<br>Judicial Council of California<br>DISC-001 [Rev. January 1, 2008] | **FORM INTERROGATORIES—GENERAL** | Code of Civil Procedure,<br>§§ 2030.010-2030.410, 2033.710<br>*www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 5
28

**DISC-001**

☐ **(2)   INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
      Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1  State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☒ 2.1  State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☒ 2.2  State the date and place of your birth.

☒ 2.3  At the time of the **INCIDENT**, did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☒ 2.4  At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☒ 2.5  State:
(a)  your present residence **ADDRESS**;
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS**.

☒ 2.6  State:
(a)  the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7  State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☒ 2.8  Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☒ 2.9  Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 5
29

**DISC-001**

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

[X] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

[X] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

[ ] 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

[X] 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[X] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

*LexisNexis® Automated California Judicial Council Forms*
EXHIBIT 5
30

**DISC-001**

[X] 6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[X] 6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[X] 6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[X] 6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

[X] 6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0   Property Damage**

[X] 7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?**   If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

[X] 7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

[X] 7.3   Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0   Loss of Income or Earning Capacity**

[X] 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT?**   *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2   State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

[X] 8.3   State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5   State the date you returned to work at each place of employment following the **INCIDENT.**

[X] 8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[X] 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8   Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 5
31

DISC-001

**9.0 Other Damages**

[X] 9.1  Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

[X] 9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0 Medical History**

[X] 10.1  At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[X] 10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the **INCIDENT**.)*

[X] 10.3  At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

[X] 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

[X] 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

[X] 12.1  State the name, **ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[X] 12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

[X] 12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:
(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

*LexisNexis® Automated California Judicial Council Forms*
EXHIBIT 5
32

DISC-001

[X] **12.4   Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] **12.5   Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[X] **12.6   Was a report made by any PERSON concerning the INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[X] **12.7   Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

**13.0   Investigation—Surveillance**

[X] **13.1   Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] **13.2** Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;
(b) the date;
(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0   Statutory or Regulatory Violations**

[X] **14.1   Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] **14.2   Was any PERSON cited or charged with a violation of** any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0   Denials and Special or Affirmative Defenses**

[ ] **15.1   Identify each denial of a material allegation and each** special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0   Defendant's Contentions—Personal Injury**

[ ] **16.1   Do you contend that any PERSON, other than you or** plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] **16.2   Do you contend that plaintiff was not injured in the** **INCIDENT?** If so:

(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 5
33

**DISC-001**

☐ 16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a)  identify it;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a)  identify each service;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5   Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a)  identify each part of the loss;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a)  identify each item of property damage;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each **DOCUMENT**;
(b)  the date each claim arose;
(c)  the nature of each claim; and
(d)  the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

☐ 16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b)  a description of each **DOCUMENT**; and
(c)  the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0 Responses to Request for Admissions**

☒ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;
(b)  state all facts upon which you base your response;
(c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2   For each vehicle involved in the **INCIDENT,** state:

(a)  the year, make, model, and license number;
(b)  the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

**FORM INTERROGATORIES—GENERAL**

EXHIBIT 5

**PROOF OF SERVICE**
*Latrice Thomas v. Walmart Stores, Inc.*
**Los Angeles Superior Court Case No. BC661128**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of Los Angeles, California, and my business address is 5901 W. Century Blvd., Suite 1100, Los Angeles, California 90045.

On **January 25, 2018,** I caused to be served the following documents:

**FORM INTERROGATORIES TO PLAINTIFF, SET ONE**

[  ]   **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax number (310) 649-5777 to the fax numbers listed below.  The facsimile machine I used complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.  I caused the machine to print a transmission record, a copy of which will be maintained with the document(s) in our office.

[X]   **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    [X]   **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
    [  ]   **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
    [  ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

[  ]   **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or electronic transmission, I caused such document(s) to be electronically served to those parties listed below from e-mail address baraiza@pettitkohn.com.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

[  ]   **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online Court Services through the upload feature at www.onelegal.com.

Farid Yaghoubtil, Esq.
Downtown L.A. Law Group
3470 Wilshire Blvd, Suite 634
Los Angeles, CA  90010
Tel:   (213) 389-3765
Fax:   (877) 389-2775
Email: Farid@downtownlaw.com
Attorneys for Plaintiff
**LETRICE THOMAS**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

2354-8885

2

1

2    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on **January 25, 2018**, at Los Angeles, California.

3

4    _____
Lisa Seals

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2354-8885

3

1   Bron E. D'Angelo, Esq., SBN 246819
    Justin R. Felton, Esq., SBN 299398
2   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
    5901 W. Century Blvd., Suite 1100
3   Los Angeles, CA 90045
    Telephone: (310) 649-5772
4   Facsimile: (310) 649-5777
    E-mail: bdangelo@pettitkohn.com
5           jfelton@pettitkohn.com

6   Attorneys for Defendant
    **WALMART, INC.**

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11
    LATRICE THOMAS, an individual,          CASE NO.: BC661128
12
                    Plaintiff,
13                                          **REQUEST FOR ADMISSIONS TO**
    v.                                      **PLAINTIFF, SET NO. ONE**
14
    WALMART, INC., a corporation; and
15  DOES 1-25, inclusive,
                                            Dept.: 91
16                  Defendants.             Judge: Hon. Patricia Nieto
                                            Filed:  May 10, 2017
17                                          Trial:  November 13, 2018

18

19          PROPOUNDING PARTY:    DEFENDANT, WALMART, INC.

20          RESPONDING PARTY:     PLAINTIFF, LATRICE THOMAS

21          SET NUMBER:           ONE

22

23          Defendant, WALMART, INC. ("Defendant"), hereby requests that, pursuant to

24   CALIFORNIA CODE OF CIVIL PROCEDURE § 2033.010, *et seq*., Plaintiff, LATRICE THOMAS

25   ("Plaintiff" or "Responding Party"), admit the truth of the following specified matters of fact,

26   opinion relating to fact, and application of law to fact, and return her signed responses within

27   thirty (30) days of receipt of service of these Requests for Admissions.

28   ///

2354-8885                                      1

1    Plaintiff must respond in writing under oath separately to each request or set forth an

2    objection to the particular request.  Each answer in the response should be as complete and

3    straightforward as the information reasonably available to Plaintiff permits.

## DEFINITIONS

4

5    1.    The terms "YOU" or "YOUR" means Plaintiff, LATRICE THOMAS.

6    2.    The term "INCIDENT" includes the circumstances and events surrounding the

7    alleged occurrences giving rise to this action.

8    3.    The term "COMPLAINT" means the Complaint that YOU filed in this lawsuit.

9    4.    The term "SUBJECT PREMISES" means the Walmart store located at 4101 South

10   Crenshaw Boulevard, Los Angeles, CA 90008, as identified in YOUR COMPLAINT.

11   5.    The term "DOCUMENT" and "DOCUMENTS" mean "documents and other

12   tangible things" and shall include, without limitation, originals and copies (carbon, photographic,

13   microfilm or otherwise) of all documents, photographs, correspondence, papers, agreements,

14   memoranda, reports, notes, diaries, inter-office and/or intra-office corporate communications,

15   **email or other electronic communication,** messages, telegrams, telex communications, letters,

16   ledgers, digital photographs, pictures, drawings, sketches, analytical data, data sheets, video tapes,

17   publications, catalog sheets or addenda, instructions, brochures, pamphlets, recordings (tape, disk,

18   belt or any other type), invoices, work assignments, work records, worksheets, devices and any

19   other writings, printed and/or typewritten matter, including drafts, or other physical objects in

20   your custody, care or possession.  **The fact that information is contained in an electronic (as**

21   **opposed to printed) form, does not exclude the information from this definition.  All forms**

22   **of recorded information are covered by the terms "DOCUMENT" and "DOCUMENTS".**

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

2354-8885

2

REQUEST FOR ADMISSIONS TO PLAINTIFF, SET ONE

EXHIBIT 6
39

## REQUEST FOR ADMISSIONS

1.      Admit that YOU were not injured as a result of the INCIDENT as alleged in YOUR COMPLAINT.

2.      Admit that YOU do not know how long the dangerous condition YOU allege existed at the SUBJECT PREMISES was present prior to YOUR fall.

3.      Admit that YOU do not know how high the alleged mat was raised that allegedly caused the INCIDENT.

4.      Admit that Defendant was not negligent in this matter.

5.      Admit that Defendant did not owe YOU a duty on the date of the INCIDENT.

6.      Admit that Defendant did not breach its duty to YOU on the date of the INCIDENT.

7.      Admit that Defendant is not liable for YOUR alleged injuries that occurred on the date of the INCIDENT.

8.      Admit that YOU had no special medical damages as a result of the INCIDENT.

9.      Admit YOU do not have a wage loss claim as a result of the INCIDENT.

10.     Admit YOU will not sustain a loss of future income as a result of the INCIDENT.

11.     Admit YOU have no loss of earning capacity as a result of the INCIDENT.

12.     Admit that Defendant conducts reasonable inspections of the store where YOU allegedly were injured, as alleged in YOUR Complaint.

13.     Admit that Defendant had no notice of the alleged dangerous condition at the SUBJECT PREMISES, as alleged in YOUR COMPLAINT, that allegedly caused YOUR fall.

14.     Admit that YOU saw the floor mat YOU allege caused the INCIDENT at the SUBJECT PREMISES prior to falling.

15.     Admit that YOU failed to exercise reasonable care in relation to the INCIDENT.

16.     Admit that YOUR injuries were caused, in whole, by YOU.

17.     Admit that YOUR injuries were caused, in part, by YOU.

18.     Admit that YOU have no claim for general damages as a result of the INCIDENT.

19.     Admit that YOU did not fall at the time of the INCIDENT.

2354-8885

3

20.   Admit that YOU did not slip on a liquid.

21.   Admit that YOU are a citizen of California.

22.   Admit that YOU are a resident of California.

23.   Admit that YOUR damages are in excess of $75,000.

24.   Admit that YOUR fall was caused by a raised mat.

25.   Admit that YOU do not know the brand of the raised mat YOU allege to have caused the INCIDENT.

26.   Admit that YOU were not wearing closed toe shoes at the time of the INCIDENT.

27.   Admit that YOU have no DOCUMENTS which support YOUR contention that a raised mat caused the INCIDENT.

28.   Admit that YOU have no DOCUMENTS which support YOUR contention that the floor mat that allegedly caused the INCIDENT was not properly placed at the time of the INCIDENT.

29.   Admit that YOU have no DOCUMENTS which support YOUR contention that the floor mat that allegedly caused the INCIDENT was not properly secured at the time of the INCIDENT.

30.   Admit that YOU have no facts which support YOUR contention that the floor mat that allegedly caused the INCIDENT was not properly placed at the time of the INCIDENT.

31.   Admit that YOU have no facts which support YOUR contention that the floor mat that allegedly caused the INCIDENT was not properly secured at the time of the INCIDENT.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated: January 25, 2018          By: _____
                                      Bron E. D'Angelo, Esq.
                                      Justin R. Felton, Esq.
                                      Attorneys for Defendant
                                      WALMART, INC.

2354-8885

4

REQUEST FOR ADMISSIONS TO PLAINTIFF, SET ONE

EXHIBIT 6
41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
*Latrice Thomas v. Walmart, Inc.*
**Los Angeles Superior Court Case No. BC661128**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California, and my business address is 5901 W. Century Blvd., Suite 1100, Los Angeles, California 90045.

On **January 25, 2018,** I caused to be served the following documents:

**REQUEST FOR ADMISSIONS TO PLAINTIFF, SET ONE**

[ ]   **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax number (310) 649-5777 to the fax numbers listed below.  The facsimile machine I used complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine. I caused the machine to print a transmission record, a copy of which will be maintained with the document(s) in our office.

[X]   **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    [X]   **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
    [ ]   **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
    [ ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

[ ]   **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or electronic transmission, I caused such document(s) to be electronically served to those parties listed below from e-mail address lseals@pettitkohn.com.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

[ ]   **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online Court Services through the upload feature at www.onelegal.com.

Farid Yaghoubtil, Esq.
Igor Fradkin, Esq.
Downtown L.A. Law Group
3470 Wilshire Blvd, Suite 634
Los Angeles, CA  90010
Tel:    (213) 389-3765
Fax:   (877) 389-2775
Email: Igor@downtownlalaw.com
Attorneys for Plaintiffs
**LATRICE THOMAS**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

2354-8885

5

1

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **January 25, 2018**, at Los Angeles, California.

2

3

                    Lisa Seals

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2354-8885

6

REQUEST FOR ADMISSIONS TO PLAINTIFF, SET ONE

EXHIBIT 6
43

1    Daniel Azizi, Esq., SBN 268995
     Igor Fradkin, Esq., SBN 299491
2    **DOWNTOWN L.A. LAW GROUP**
3    3460 Wilshire Blvd., Suite 950
     Los Angeles, CA 90010
4    Tel.: (213) 389-3765
     Fax: (877) 389-2775
5    Email: Igor@downtownlalaw.com

6    Attorneys for Plaintiff, LATRICE THOMAS

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11   LATRICE THOMAS, an individual,          Case No. BC661128
                                             Judge: Hon. Patricia D. Nieto
12                  Plaintiff,               Dept.: 91

13        v.                                 **PLAINTIFF'S RESPONSE TO
                                             DEFENDANT'S FORM
14                                           INTERROGATORIES, SET ONE**
     WALMART, INC.; and DOES 1-25, inclusive,
15                                           Complaint Filed:  May 11, 2017
                    Defendants.              Trial Date:       November 13, 2018
16

17

18

19

20   PROPOUNDING PARTY:    Defendant    WALMART, INC.

21   RESPONDING PARTY:     Plaintiff    LATRICE THOMAS

22   SET NUMBER:           ONE (1)

23        Plaintiff LATRICE THOMAS ("Plaintiff") hereby responds to Defendant

24   WALMART, INC.'S ("Defendant") First Set of Form Interrogatories.

25             **GENERAL STATEMENTS AND OBJECTIONS**

26        The following general statements and objections apply to each interrogatory herein:

27        1.    Responding Party objects to each interrogatory to the extent that it would

28   require more of Responding Party than any obligation imposed by law, would subject

                                    1

─────────────────────────────────────────────
     **PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
44

1   Responding Party to unreasonable and undue burden and expense, and would seek to

2   impose upon Responding Party an obligation to discovery information from third parties

3   equally accessible to Propounding Party.

4          2.      Responding Party objects to each interrogatory to the extent that it seeks

5   information protected by the attorney-client privilege, and the work product doctrine, or

6   any other applicable privilege or rule of law which protects such information from

7   disclosure.

8          3.      Responding Party's responses to each interrogatory is made to the best of

9   his knowledge and belief at the present time.  Said responses are subject to such additional

10  or different information as discovery or further information may disclose and is subject to

11  such refreshing or recollection on the part of Responding Party as may result from further

12  investigation or discovery.  Responding Party reserves the right to make use from further

13  investigation or discovery.  Responding Party reserves the right to make use of, or

14  introduce at any hearing and at trial, information responsive to the interrogatories that are

15  not disclosed herewith, but is discovered subsequent to the date hereof.

16                    **RESPONSES TO FORM INTERROGATORIES**

17  **Form Interrogatory 1.1:**

18          State the name, address, telephone number, and relationship to you of each person

19  who prepared or assisted in the preparation of the responses to these interrogatories.

20  Response to Interrogatory No. 1.1:

21          Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

22  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

23  time and scope as to be oppressive and burdensome and calculated to annoy and harass

24  Responding Party.

25          Igor Fradkin, Esq., Downtown L.A. Law Group, 3460 Wilshire Blvd., Suite #950,

26  Los Angeles, CA 90010, (213) 279-0642, attorney.

27          Responding Party reserves the right to amend and/or supplement this response, as

28  discovery and investigation are ongoing and continuing.

2

1   **Form Interrogatory 2.1:**

2       State: (a) your name; (b) every name you have used in the past; and (c) the dates

3   you used each name.

4   Response to Interrogatory No. 2.1:

5       Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

6   lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

7   time and scope as to be oppressive and burdensome and calculated to annoy and harass

8   Responding Party.

9       (a) Latrice Thomas; (b) Latrice Thomas; (c) Birth to present.

10      Responding Party reserves the right to amend and/or supplement this response, as

11  discovery and investigation are ongoing and continuing.

12  **Form Interrogatory 2.2:**

13      State the date and place of your birth.

14  Response to Interrogatory No. 2.2:

15      Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

16  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

17  time and scope as to be oppressive and burdensome and calculated to annoy and harass

18  Responding Party.

19      October 21, 1989, Compton, California.

20      Responding Party reserves the right to amend and/or supplement this response, as

21  discovery and investigation are ongoing and continuing.

22  **Form Interrogatory 2.3:**

23      At the time of the INCIDENT, did you have a driver's license? If so state:

24      a) the state of other issuing entity;

25      b) the license number and type;

26      c) the date of issuance; and

27      d) all restrictions.

28  ///

3

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
46

Response to Interrogatory No. 2.3:

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; the demand is so broad and unlimited as to time and scope as to be oppressive and burdensome and calculated to annoy and harass Responding Party.

None.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory 2.4:**

At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:

a) the state of other issuing entity;

b) the license number and type;

c) the date of issuance; and

d) all restrictions.

Response to Interrogatory No. 2.4:

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; the demand is so broad and unlimited as to time and scope as to be oppressive and burdensome and calculated to annoy and harass Responding Party.

No.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory 2.5:**

State: (a) your present resident address; (b) your residence addresses for the last five years; and (c) the dates you lived at each address.

Response to Interrogatory No. 2.5:

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

4

EXHIBIT 7
47

1  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to
2  time and scope as to be oppressive and burdensome and calculated to annoy and harass
3  Responding Party. General objections are incorporated herein.
4       (a) – (c) 2738 Council St., #3, Los Angeles, CA 90026, Approximately 2014 to
5            present; 4056 S. Vermont Ave., #102, Los Angeles, CA 90371, Approximately
6            2013 to 2014.
7            Responding Party reserves the right to amend and/or supplement this response, as
8  discovery and investigation are ongoing and continuing.
9  **Form Interrogatory 2.6:**
10       State: (a) the name, address, and telephone number of your present employer or
11  place of self-employment; and (b) the name, address, dates of employment, job title and
12  nature of work for each employer or self-employment you have had from five years before
13  the incident until today.
14  Response to Interrogatory No. 2.6:
15       Objection.  Not relevant to the subject matter of this lawsuit and not calculated to
16  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to
17  time and scope as to be oppressive and burdensome and calculated to annoy and harass
18  Responding Party.
19       (a) Allied Universal Private Security, 639 Wilshire Blvd., Los Angeles, CA
20            90010, (213) 362-3650;
21       (b) Allied Universal Private Security, 639 Wilshire Blvd., Los Angeles, CA
22            90010, October 2016 to present, Security Officer, Security;  Los Angeles
23            Department of Public Social Services, 813 E. 4th Pl., Los Angeles, CA 90013,
24            Approximately 2015 to 2016, Assistant, Clerical;  In-Home Supportive
25            Services, 2707 S. Grand Ave., Los Angeles, CA 90007, Approximately 2013
26            to 2014, In Home Care Provider, In Home Care.
27       Responding Party reserves the right to amend and/or supplement this response, as
28  discovery and investigation are ongoing and continuing.

5

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
48

**Form Interrogatory 2.7:**

State (a) the name and address of each school or other academic or vocational institution you have attended beginning with high school; (b) the dates you attended; (c) the highest grade level you have completed; (d) the degrees received.

Response to Interrogatory No. 2.7:

General objections are incorporated herein.  This request also invades Responding Party's constitutionally protected right to privacy.  California Constitution, Article 1, section 1; First, Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution; Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516, 525. This interrogatory is also seeking information which is not relevant to any claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

(a) Washington High School, 10860 Denker Ave., Los Angeles, CA 90047;

(a) Approximately 2009;

(b) 9th grade;

(c) None.


(a) Locke High School, 10860 Denker Ave., Los Angeles, CA 90047;

(b) Approximately 2009;

(c) 9th grade;

(d) None.


(a) Ellington Continuation, 1541 W. 110th St., Los Angeles, CA 90047;

(b) Approximately 2010 to 2013;

(c) 12th grade;

(d) None.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

6

EXHIBIT 7
49

1   **Form Interrogatory No. 2.8:**

2        Have you ever been convicted of a felony?  If so, for each conviction state: (a) the

3   city and state where you were convicted; (b) the date of conviction; (c) the offense; and

4   (d) the court and case number.

5   Response to Interrogatory No. 2.8:

6        General objections are incorporated herein. This question is not relevant to the

7   subject matter of this lawsuit and not calculated to lead to the discovery of admissible

8   evidence; the interrogatory is so broad and unlimited as to time and scope as to be

9   oppressive and burdensome and calculated to annoy and harass Responding Party.

10        No.

11        Responding Party reserves the right to amend and/or supplement this response, as

12   discovery and investigation are ongoing and continuing.

13   **Form Interrogatory No. 2.9:**

14        Can you speak English with ease?  If not, what language and dialect do you

15   normally use?

16   Response to Interrogatory No. 2.9:

17        Yes.

18   **Form Interrogatory No. 2.10:**

19        Can you read and write English with ease?  If not, what language and dialect do

20   you normally use?

21   Response to Interrogatory No. 2.10:

22        Yes.

23   **Form Interrogatory No. 2.11:**

24        At the time of the incident were you acting as an agent or employee for any

25   person?  If so, state: (a) the name, address, and telephone number of that person; and (b) a

26   description of your duties.

27   Response to Interrogatory No. 2.11:

28        No.

EXHIBIT 7
50

**Form Interrogatory No. 2.12:**

At the time of the incident did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the incident?  If so, for each person state: (a) the name, address, and telephone number; (b) the nature of the disability or condition; and (c) the manner in which the disability or condition contributed to the occurrence of the incident.

Response to Interrogatory No. 2.12:

No.

**Form Interrogatory No. 2.13:**

Within 24 hours before the incident did you or any person involved in the incident use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)?  If so, for each person state: (a) the name, address, and telephone number; (b) the nature or description of each substance; (c) the quantity of each substance taken or used; (d) the date and time of day when each substance was used or taken; (e) the address where each substance was used or taken; (f) the name, address, and telephone number of each person who was present when each substance was used or taken; and (g) the name, address, and telephone number of any health care provider who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

Response to Interrogatory No. 2.13:

No.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory No. 4.1:**

At the time of the incident, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rate, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident?  If so, for each policy state: (a) the kind of coverage;

8

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
51

1  (b) the name and address of the insurance company; (c) the name, address, and telephone

2  number of each named insured; (d) the policy number; (e) the limits of coverage for each

3  type of coverage contained in the policy; (f) whether any reservation of rights or

4  controversy or coverage dispute exists between you and the insurance company; and (g)

5  the name, address, and telephone number of the custodian of the policy.

6  Response to Interrogatory No. 4.1:

7      General objections are incorporated herein.  This request also invades Responding

8  Party's constitutionally protected right to privacy.  California Constitution, Article 1,

9  section 1; First, Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution;

10  Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119

11  Cal.App.3d 516, 525. This interrogatory is also seeking information which is not relevant

12  to any claims in this action nor reasonably calculated to lead to the discovery of

13  admissible evidence.

14      Yes.

15  (a) Health;

16  (b) Medi-Cal – Health Net, P.O. Box 13029, Sacramento, CA 95813;

17  (c) Latrice Thomas, 2738 Council St., #3, Los Angeles, CA 90026, (323) 482-7280;

18  (d) - (f) Unknown;

19  (g) Latrice Thomas, 2738 Council St., #3, Los Angeles, CA 90026, (323) 482-7280.

20      Responding Party reserves the right to amend and/or supplement this response, as

21  discovery and investigation are ongoing and continuing.

22  **Form Interrogatory No. 4.2:**

23      Are you self-insured under any statute for the damages, claims, or actions that

24  have arisen out of the INCIDENT? If so, specify the statute.

25  **Response to Form Interrogatory No. 4.2:**

26      The interrogatory seeks to ascertain if some part of Responding Party's specials

27  (medical bills) were paid by collateral sources; as much the question is irrelevant to the

28  subject matter of this action, and not calculated to lead to the discovery of admissible

9

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
52

1    evidence, and is also burdensome, oppressive, and harassing to Responding Party. *Hrnjak*

2    *v. Graymar*, 4 Cal.3d 725 (1971).

3        No.

4        Responding Party reserves the right to amend and/or supplement this response, as

5    discovery and investigation are ongoing and continuing.

6    **Form Interrogatory No. 6.1:**

7        Do you attribute any physical, mental, or emotional injuries to the incident?

8    Response to Interrogatory No. 6.1:

9        Yes.

10   **Form Interrogatory No. 6.2:**

11       Identify each injury you attribute to the incident and the area of your body

12   affected.

13   Response to Interrogatory No. 6.2:

14       Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

15   lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

16   time and scope as to be oppressive and burdensome and calculated to annoy and harass

17   Responding Party. General objections are incorporated herein.

18       Respondent suffered pain and injury to her upper back, middle back, lower back,

19   neck, chest, abdomen, right shoulder, bilateral arms, left knee, left leg, and headaches.

20       Responding Party reserves the right to amend and/or supplement this response, as

21   discovery and investigation are ongoing and continuing.

22   **Form Interrogatory No. 6.3:**

23       Do you still have any complaints that you attribute to the incident? If so, for each

24   complaint state: (a) a description; (b) whether the complaint is subsiding, remaining the

25   same, or becoming worse; and (c) the frequency and duration.

26   Response to Interrogatory No. 6.3:

27       Objection.  Responding Party objects to this interrogatory as burdensome and

28   harassing in that it calls for production of a list or summary where no such list or summary

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE

EXHIBIT 7
53

1  presently exists.  California Code of Civil Procedure Section 2030.230; *Brotsky v. State*

2  *Bar of California*, 57 Cal.2d 287 (1962).  Responding Party has identified all health care

3  providers who treated him/her for this injury.  The request for a narration of the date and

4  nature of the treatment received is improper because it actually seeks the contents of

5  documents available to the defendant.  As such, the interrogatory is burdensome and

6  oppressive.  *West Pico Furniture Co. v. Superior Court*, 56 Cal.2d 407, 418-419 (1961).

7         Subject to and without waiving the objections, Yes.

8         (a) Lower back pain;

9         (b) Becoming worse;

10        (c) During cold weather, the pain is consistent and daily. During warm weather the

11             pain is twice a week and consistent.

12

13        (a) Bilateral knee pain;

14        (b) Becoming worse;

15        (c) During cold weather, the pain is consistent and daily. During warm weather the

16             pain is twice a week and consistent.

17        Responding Party reserves the right to amend and/or supplement this response, as

18  discovery and investigation are ongoing and continuing.

19  **Form Interrogatory No. 6.4:**

20        Did you receive any consultation or examination (except from expert witnesses

21  covered by Code of Civil Procedure Section 2034) or treatment from a health care

22  provider for any injury you attribute to the incident?  If so, for each health care provider

23  state: (a) the name, address, and telephone number; (b) the type of consultation,

24  examination, or treatment provided; (c) the dates you received consultation, examination,

25  or treatment; and (d) the charges to date.

26  Response to Interrogatory No. 6.4:

27        Objection.   Responding Party objects to this interrogatory as burdensome and

28  harassing in that it calls for production of a list or summary where no such list or summary

11

presently exists.  California Code of Civil Procedure Section 2030.230; *Brotsky v. State Bar of California*, 57 Cal.2d 287 (1962).  Responding Party has identified all health care providers who treated him/her for this injury.  The request for a narration of the date and nature of the treatment received is improper because it actually seeks the contents of documents available to the defendant.  As such, the interrogatory is burdensome and oppressive.  *West Pico Furniture Co. v. Superior Court*, 56 Cal.2d 407, 418-419 (1961).

| TREATER | TYPE | DATES | CHARGES |
|---|---|---|---|
| California Hospital Medical Center<br>1401 S. Grande Ave.<br>Los Angeles, CA 90062<br>(213) 748-2411 | Emergency treatment and evaluation | 12/03/15 | $2,869.00 |
| Hess Rehabilitation<br>306 W. Compton Blvd., Ste. 103<br>Compton, CA 90220<br>(310) 635-7119 | Chiropractic evaluation and treatment | 9/28/2015 - 12/14/2015 | $3,625.00 |
| George Rappard, M.D.,<br>6200 Wilshire Blvd., #1208<br>Los Angeles, CA 90048<br>(323) 857-5300 | Orthopedic consultations, epidural steroid injections, discography, discectomy | 11/20/2015 - 10/24/2016 | $7,786.00 |
| Anthony Bledin, M.D.<br>Sunset Diagnostics Radiology<br>9201 Sunset Blvd., Suite M-150<br>West Hollywood, CA 90069<br>(818) 832-3300 | MRI of lumbar spine | 02/01/2016 | $1,800.00 |
| David Mordecai, M.D.<br>P.O. Box 5486<br>Orange, CA 92863<br>(818) 550-0900 | Anesthesiology for cervical epidural | 3/8/2016 | $630.00 |
| Elite Surgery Center<br>6310 S. San Vicente Blvd., Ste. 101, Los Angeles, CA 90048,<br>(310) 589-4001 | Epidural injection | 03/08/2016 | $14,800.00 |

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE

EXHIBIT 7
55

| | | | |
|---|---|---|---|
| ProHealth Advantage Imaging Medical Group, P.O. Box 7328, Orange, CA 92863 (818) 336-5248 | CT of lumbar spine | 01/26/2018 | $1,375.00 |
| Thomas J. Hopkins, M.D., 16030 Ventura Blvd., Ste. 400, Encino, CA 91436 (818) 981-2288 | Orthopedic consultation | 11/17/17 to present | TBD |

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory No. 6.5:**

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the incident?  If so, for each medication state: (a) the name; (b) the person who prescribed or furnished it; (c) the date it was prescribed or furnished; (d) the dates you began and stopped taking it; (e) the cost to date.

Response to Interrogatory No. 6.5:

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; the demand is so broad and unlimited as to time and scope as to be oppressive and burdensome and calculated to annoy and harass Responding Party. General objections are incorporated herein.

Yes.

(a) Ibuprofen;

(b) David Loya, M.D.;

(c) Approximately 12/03/2015;

(d) Approximately 12/03/2015 to present.

(e) Unknown.


(a) Naprosyn;

13

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE

EXHIBIT 7
56

1      (b) David Loya, M.D.;

2      (c) Approximately 12/03/2015;

3      (d) Approximately 12/03/2015 to Responding party does not recall;

4      (e) Unknown.

5

6      (a) Norco;

7      (b) David Loya, M.D.;

8      (c) Approximately 12/03/2015;

9      (d) Approximately 12/03/2015 to Responding party does not recall;

10     (e) Unknown.

11

12     (a) Flexeril;

13     (b) David Loya, M.D.;

14     (c) Approximately 12/03/2015;

15     (d) Approximately 12/03/2015 to Responding party does not recall;

16     (e) Unknown.

17     Responding Party reserves the right to amend and/or supplement this response, as

18 discovery and investigation are ongoing and continuing.

19 **Form Interrogatory No. 6.6:**

20     Are there any other medical services necessitated by the injuries that you attribute

21 to the incident that were not previously listed (for example, ambulance, nursing, and

22 prosthetics)?  If so, for each service state: (a) the nature; (b) the date; (c) the cost; and (d)

23 the name, address, and telephone number of each provider.

24 Response to Interrogatory No. 6.6:

25     Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

26 lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

27 time and scope as to be oppressive and burdensome and calculated to annoy and harass

28 Responding Party. General objections are incorporated herein.

1    No.

2        Responding Party reserves the right to amend and/or supplement this response, as

3    discovery and investigation are ongoing and continuing.

4    **Form Interrogatory No. 6.7:**

5        Has any health care provider advised that you may require future or additional

6    treatment for any injuries that you attribute to the incident?  If so, for each injury state: (a)

7    the name and address of each health care provider; (b) the complaints for which the

8    treatment was advised; and (c) the nature, duration, and estimated cost of the treatment.

9    Response to Interrogatory No. 6.7:

10       Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

11   lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

12   time and scope as to be oppressive and burdensome and calculated to annoy and harass

13   Responding Party. General objections are incorporated herein.

14       Yes.

15   (a) George Rappard, M.D., 6200 Wilshire Blvd., #1208, Los Angeles, CA 90048,

16       (323) 857-5300;

17   (b) Back pain;

18   (c) Lumbar epidural steroid injections with an estimated cost of $10,000 per injection

19       for 1-2 treatment episodes.

20

21   (a) Thomas J. Hopkins, M.D., 16030 Ventura Blvd., Ste. 400, Encino, CA 91436,

22       (818) 981-2288;

23   (b) Back pain;

24   (c) ???????????????????????????????????????????

25

26   Responding Party reserves the right to amend and/or supplement this response, as

27   discovery and investigation are ongoing and continuing.

28   ///

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
58

**Form Interrogatory No. 7.1:**

Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:

(a) describe the property;

(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and

(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

**Response to Form Interrogatory No. 7.1:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; the demand is so broad and unlimited as to time and scope as to be oppressive and burdensome and calculated to annoy and harass Responding Party. General objections are incorporated herein.

Notwithstanding the objections: No.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory No. 7.2:**

Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;

(b) the name, ADDRESS and telephone number of each PERSON who has a copy of it; and

(c) the amount of damage stated.

**Response to Form Interrogatory No. 7.2:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

16

1  time and scope as to be oppressive and burdensome and calculated to annoy and harass

2  Responding Party. General objections are incorporated herein.

3       Notwithstanding the objections: No.

4       Responding Party reserves the right to amend and/or supplement this response, as

5  discovery and investigation are ongoing and continuing.

6  **Form Interrogatory No. 7.3:**

7       Has any item of property referred to in your answer to interrogatory 7.1 been

8  repaired? If so, for each item state:

9      (a) the date repaired;

10      (b) a description of the repair;

11      (c) the repair cost;

12      (d) the name, ADDRESS, and telephone number of the PERSON who repaired it;

13      (e) the name, ADDRESS, and telephone number of the PERSON who paid for the

14         repair.

15  **Response to Form Interrogatory No. 7.3:**

16       Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

17  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

18  time and scope as to be oppressive and burdensome and calculated to annoy and harass

19  Responding Party. General objections are incorporated herein.

20       Notwithstanding the objections: No.

21       Responding Party reserves the right to amend and/or supplement this response, as

22  discovery and investigation are ongoing and continuing.

23  **Form Interrogatory No. 8.1:**

24       Do you attribute any loss of income or earning capacity to the INCIDENT? (If

25  your answer is "no," do not answer interrogatories 8.2 through 8.8).

26  **Response to Form Interrogatory No. 8.1:**

27       General objections are incorporated herein.  This request also invades Responding

28  Party's constitutionally protected right to privacy.  California Constitution, Article 1,

17

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE

EXHIBIT 7
60

1  section 1; First, Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution;

2  Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119

3  Cal.App.3d 516, 525. This interrogatory is also seeking information which is not relevant

4  to any claims in this action nor reasonably calculated to lead to the discovery of

5  admissible evidence.

6      No.

7      Responding Party reserves the right to amend and/or supplement this response, as

8  discovery and investigation are ongoing and continuing.

9  **Form Interrogatory No. 9.1:**

10      Are there any other damages that you attribute to the incident?  If so, for each item

11  of damage state: (a) the nature; (b) the date it occurred; (c) the amount, and (d) the name,

12  address, and telephone number of each person to whom an obligation was incurred.

13  Response to Interrogatory No. 9.1:

14      Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

15  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

16  time and scope as to be oppressive and burdensome and calculated to annoy and harass

17  Responding Party. General objections are incorporated herein.

18      General Damages, including Pain & Suffering.

19      Responding Party reserves the right to amend and/or supplement this response, as

20  discovery and investigation are ongoing and continuing.

21  **Form Interrogatory No. 9.2:**

22      Do any documents support the existence or amount of any item of damages

23  claimed in interrogatory 9.1?  If so, describe each document and state the name, address,

24  and telephone number of the person who has each document.

25  Response to Interrogatory No. 9.2:

26      Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

27  lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

28

18

1   time and scope as to be oppressive and burdensome and calculated to annoy and harass
2   Responding Party. General objections are incorporated herein.
3       No.
4       Responding Party reserves the right to amend and/or supplement this response, as
5   discovery and investigation are ongoing and continuing.
6   **Form Interrogatory No. 10.1:**
7       At any time before the incident did you have complaints or injuries that involved
8   the same part of your body claimed to have been injured in the incident? If so, for each
9   state: (a) a description of the complaint or injury; (b) the dates it began and ended; and (c)
10  the name, address, and telephone number of each health care provider whom you
11  consulted or who examined or treated you.
12  Response to Interrogatory No. 10.1:
13      Objection. This interrogatory seeks to discover aspects of Responding Party's
14  medical history which are completely unrelated to the issues in this litigation. Even if the
15  question itself were not collateral, there must be some reasonable limit imposed on the
16  scope of defendant's inquiry. Responding Party is willing to answer the question as it
17  pertains to any claims for injuries to body parts injured in this suit. Anything broader than
18  that invades Responding Party's constitutionally protected privacy under Article I, Section
19  I of the California Constitution.
20      No.
21      Responding Party reserves the right to amend and/or supplement this response, as
22  discovery and investigation are ongoing and continuing.
23  **Form Interrogatory No. 10.2:**
24      List all physical, mental, and emotional disabilities you had immediately before
25  the incident.
26  Response to Interrogatory No. 10.2:
27      Objection. This interrogatory seeks to discover aspects of Responding Party's
28  medical history which are completely unrelated to the issues in this litigation. Even if the

19

question itself were not collateral, there must be some reasonable limit imposed on the scope of defendant's inquiry.  Responding Party is willing to answer the question as it pertains to any claims for injuries to body parts injured in this suit.  Anything broader than that invades Responding Party's constitutionally protected privacy under Article I, Section I of the California Constitution.

Notwithstanding the objections: None.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory No. 10.3:**

At any time after the incident, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state: (a) the date and the place it occurred; (b) the name, address, and telephone number of any other person involved; (c) the nature of any injuries you sustained; (d) the name, address, and telephone number of each health care provider who you consulted or who examined or treated you; and (e) the nature of the treatment and its duration.

Response to Interrogatory No. 10.3:

Objection.  This interrogatory seeks to discover aspects of Responding Party's medical history which are completely unrelated to the issues in this litigation.  Even if the question itself were not collateral, there must be some reasonable limit imposed on the scope of defendant's inquiry.  Responding Party is willing to answer the question as it pertains to any claims for injuries to body parts injured in this suit.  Anything broader than that invades Responding Party's constitutionally protected privacy under Article I, Section I of the California Constitution.

No.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Form Interrogatory No. 11.1:**

Except for this action, in the past 10 years have you filed an action or made a

20

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
63

1   written claim or demand for compensation for your personal injuries?  If so, for each

2   action, claim, or demand state: (a) the date, time, and place and location (closest street

3   address or intersection) of the incident giving rise to the action, claim, or demand; (b) the

4   name, address, and telephone number of each person against whom the claim or demand

5   was made or the action filed; (c) the court, names of the parties, and case number of any

6   action filed; (d) the name, address, and telephone number of any attorney representing

7   you; (e) whether the claim or action has been resolved or is pending; and (f) a description

8   of the injury.

9   Response to Interrogatory No. 11.1:

10          Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

11   lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

12   time and scope as to be oppressive and burdensome and calculated to annoy and harass

13   Responding Party. General objections are incorporated herein.

14          No.

15          Responding Party reserves the right to amend and/or supplement this response, as

16   discovery and investigation are ongoing and continuing.

17   **Form Interrogatory No. 11.2:**

18          In the past 10 years have you made a written claim or demand for worker's

19   compensation benefits?  If so, for each claim or demand state: (a) the date, time, and

20   place of the incident giving rise to the claim; (b) the name, address, and telephone number

21   of your employer at the time of the injury; (c) the name, address, and telephone number of

22   the workers' compensation insurer and the claim number; (d) the period of time during

23   which you received workers' compensation benefits; (e) a description of the injury; (f) the

24   name, address, and telephone number of any health care provider who provided services;

25   and (g) the case number at the Worker's Compensation Appeals Board.

26   Response to Interrogatory No. 11.2:

27          Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

28   lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
64

1   time and scope as to be oppressive and burdensome and calculated to annoy and harass

2   Responding Party. General objections are incorporated herein.

3         No.

4         Responding Party reserves the right to amend and/or supplement this response, as

5   discovery and investigation are ongoing and continuing.

6   **Form Interrogatory No. 12.1:**

7         State the name, address, and telephone number of each individual: (a) who

8   witnessed the incident or the events occurring immediately before or after the incident; (b)

9   who made any statement at the scene of the incident; (c) who heard any statement at the

10   scene of the incident; and (d) who you or anyone acting on your behalf claim has

11   knowledge of the incident (except for expert witnesses covered by Code of Civil

12   Procedure Section 2034).

13   Response to Interrogatory No. 12.1:

14         Objection.  Not relevant to the subject matter of this lawsuit and not calculated to

15   lead to the discovery of admissible evidence; the demand is so broad and unlimited as to

16   time and scope as to be oppressive and burdensome and calculated to annoy and harass

17   Responding Party. General objections are incorporated herein.

18         (a) – (c) Brelin Laneheart, 124 W. 64th Street, Los Angeles, CA 90003, (818) 571-

19         9351; Latrice Thomas, 2738 Council St., #3, Los Angeles, CA 90026, (323)

20         482-7280;

21         (d) Same as above along with Plaintiff's medical providers identified in Form

22         Interrogatory 6.4.

23         Responding Party reserves the right to amend and/or supplement this response, as

24   discovery and investigation are ongoing and continuing.

25   **Form Interrogatory No. 12.2:**

26         Have you or anyone acting on your behalf interviewed any individual concerning

27   the incident?  If so, for each individual state: (a) the name, address, and telephone number

28

22

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE

EXHIBIT 7
65

1  of the individual interviewed; (b) the date of the interview; and (c) the name, address, and

2  telephone number of the person who conducted the interview.

3  Response to Interrogatory No. 12.2:

4       This interrogatory seeks information that may be protected from disclosure by the

5  attorney-client privilege and/or work product doctrine, including pursuant to Coito v.

6  Superior Court (2012) 54 Cal.4th 480, 501-502 and/or Nacht & Lewis Architects, Inc. v.

7  Superior Court (1996) 47 Cal.App.4th 214. General objections are incorporated herein.

8  Notwithstanding and without waiving any of Responding Party's objections to this

9  interrogatory, Responding Party provides the following response:

10       No.

11       Responding Party reserves the right to amend and/or supplement this response, as

12  discovery and investigation are ongoing and continuing.

13  **Form Interrogatory No. 12.3:**

14       Have you or anyone acting on your behalf obtained a written or recorded statement

15  from any individual concerning the incident?  If so, for each statement state: (a) the name,

16  address, and telephone number of the individual for whom the statement was obtained; (b)

17  the name, address, and telephone number of the individual who obtained the statement; (c)

18  the date the statement was obtained; and (d) the name, address, and telephone number of

19  each person who has the original statement or a copy.

20  Response to Interrogatory No. 12.3:

21       This interrogatory seeks information that may be protected from disclosure by the

22  attorney-client privilege and/or work product doctrine, including pursuant to Coito v.

23  Superior Court (2012) 54 Cal.4th 480, 501-502 and/or Nacht & Lewis Architects, Inc. v.

24  Superior Court (1996) 47 Cal.App.4th 214. General objections are incorporated herein.

25  Notwithstanding and without waiving any of Responding Party's objections to this

26  interrogatory, Responding Party provides the following response:

27       No.

28

EXHIBIT 7
66

1    Responding Party reserves the right to amend and/or supplement this response, as

2    discovery and investigation are ongoing and continuing.

3    **Form Interrogatory No. 12.4:**

4    Do you or anyone acting on your behalf know of any photographs, films or

5    videotapes depicting any place, object, or individual concerning the incident or plaintiff's

6    injuries?  If so, state: (a) the number of photographs or feet of film or videotape; (b) the

7    places, objects, or persons photographed, filmed, or videotaped; (c) the date the

8    photographs, films or videotapes were taken; (d) the name, address, and telephone number

9    of the individual taking the photographs, films, or videotapes; and (e) the name, address,

10   and telephone number of each person who has the original or a copy of the photographs,

11   films, or videotape.

12   Response to Interrogatory No. 12.4:

13   This interrogatory seeks information that may be protected from disclosure by the

14   attorney-client privilege and/or work product doctrine, including pursuant to Coito v.

15   Superior Court (2012) 54 Cal.4th 480, 501-502  and/or Nacht & Lewis Architects, Inc. v.

16   Superior Court (1996) 47 Cal.App.4th 214. General objections are incorporated herein.

17   Notwithstanding and without waiving any of Responding Party's objections to this

18   interrogatory, Responding Party provides the following response:

19   No.

20   Responding Party reserves the right to amend and/or supplement this response, as

21   discovery and investigation are ongoing and continuing.

22   **Form Interrogatory No. 12.5:**

23   Do you or anyone acting on your behalf know of any diagram, reproduction, or

24   model of any place or thing (except for items developed by expert witnesses covered by

25   Code of Civil Procedure Section 2034) concerning the incident?  If so, for each item,

26   state: (a) the type (i.e., diagram, reproduction, or model); (b) the subject matter; and (c)

27   the name, address, and telephone number of each person who had it.

28   ///

24

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
67

1    Response to Interrogatory No. 12.5:

2        This interrogatory seeks information that may be protected from disclosure by the

3    attorney-client privilege and/or work product doctrine, including pursuant to Coito v.

4    Superior Court (2012) 54 Cal.4th 480, 501-502 and/or Nacht & Lewis Architects, Inc. v.

5    Superior Court (1996) 47 Cal.App.4th 214. General objections are incorporated herein.

6    Notwithstanding and without waiving any of Responding Party's objections to this

7    interrogatory, Responding Party provides the following response:

8        No.

9        Responding Party reserves the right to amend and/or supplement this response, as

10   discovery and investigation are ongoing and continuing.

11   **Form Interrogatory No. 12.6:**

12       Was a report made by any person concerning the incident? If so, state: (a) the

13   name, title, identification number, and employer of the person who made the report; (b)

14   the date and type of report made; (c) the name, address, and telephone number of the

15   person for whom the report was made; (d) the

16   name, address, and telephone number of each person who has the original or a copy of the

17   report.

18   Response to Interrogatory No. 12.6

19       This interrogatory seeks information that may be protected from disclosure by the

20   attorney-client privilege and/or work product doctrine, including pursuant to Coito v.

21   Superior Court (2012) 54 Cal.4th 480, 501-502 and/or Nacht & Lewis Architects, Inc. v.

22   Superior Court (1996) 47 Cal.App.4th 214.

23       Responding to this interrogatory would necessitate the preparation or the making

24   of a compilation, abstract, audit, or summary of or from Plaintiff's documents, the burden

25   or expense of preparing or making said compilation, abstract, audit, or summary would be

26   substantially the same for the propounding party as for Plaintiff, pursuant to Code of Civil

27   Procedure section 2030.230, Plaintiff refers propounding party to those documents

28

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7

68

1 | Plaintiff is producing concurrently herewith in response to propounding party's document

2 | request from which the answer may be ascertained.

3 |     Yes.

4 |     (a) Unknown Walmart Inc. Employee, Store Manager, Unknown Identification

5 |           number, Walmart Inc.;

6 |     (b) 12/03/2015, Incident Report;

7 |     (c) Latrice Thomas, 2738 Council St., #3, Los Angeles, CA 90026, (323) 482-

8 |           7280;

9 |     (d) Walmart Inc., 4101 Crenshaw Blvd., Los Angeles, CA 90008.

10 |     Responding Party reserves the right to amend and/or supplement this response, as

11 | discovery and investigation are ongoing and continuing.

12 | **Form Interrogatory No. 12.7:**

13 |     Have you or anyone acting on your behalf inspected the scene of the incident?  If

14 | so, for each inspection state: (a) the name, address, and telephone number of the

15 | individual making the inspection (except for expert witnesses covered by Code of Civil

16 | Procedure Section 2034); and (b) the date of the inspection.

17 | Response to Interrogatory No. 12.7:

18 |     General objections are incorporated herein.  Notwithstanding and without waiving

19 | any of Responding Party's objections to this interrogatory, Responding Party provides the

20 | following response:

21 |     Not at this time.

22 |     Responding Party reserves the right to amend and/or supplement this response, as

23 | discovery and investigation are ongoing and continuing.

24 | **Form Interrogatory No. 13.1:**

25 |     Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance

26 | of any individual involved in the INCIDENT or any party to this action? If so, for each

27 | surveillance state:

28 |     (a) the name, ADDRESS, and telephone number of the individual or party;

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**  EXHIBIT 7

69

1      (b) the time, date, and place of the surveillance;

2      (c) the name, ADDRESS, and telephone number of the individual who conducted the

3           surveillance; and

4      (d) the name, ADDRESS, and telephone number of each PERSON who has the

5           original or a copy of any surveillance photograph, film, or videotape.

6  **Response to Form Interrogatory No. 13.1:**

7      Objection.  This interrogatory requests information that violates attorney-client

8  privilege and attorney work product in that it seeks identification of interviewed witnesses

9  which reflects counsel's evaluation of the case by revealing which witnesses or persons

10  who claimed knowledge of the incident counsel deemed important enough to interview.

11  *Nacht, et al. v. Superior Court of Sacramento County*, 47 Cal. App. 4th 214 (1969).

12      Furthermore, insofar as this demand inquires into communication between

13  Responding Party and her attorneys, it violates attorney-client privilege.  *Brown v.*

14  *Superior Court*, 218 Cal.2d 430 (1963).

15      No.

16      Responding Party reserves the right to amend and/or supplement this response, as

17  discovery and investigation are ongoing and continuing.

18  **Form Interrogatory No. 13.2:**

19      Has a written report been prepared on the surveillance? If so, for each written

20  report state:

21      (a) the title;

22      (b) the date;

23      (c) the name, ADDRESS, and telephone number of the individual who prepared the

24           report; and

25      (d) the name, ADDRESS, and telephone number of each PERSON who has the

26           original or a copy.

27  **Response to Form Interrogatory No. 13.2:**

28      Objection.  This interrogatory requests information that violates attorney-client

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE

EXHIBIT 7

1   privilege and attorney work product in that it seeks identification of interviewed witnesses

2   which reflects counsel's evaluation of the case by revealing which witnesses or persons

3   who claimed knowledge of the incident counsel deemed important enough to interview.

4   *Nacht, et al. v. Superior Court of Sacramento County*, 47 Cal. App. 4th 214 (1969).

5          Furthermore, insofar as this demand inquires into communication between

6   Responding Party and her attorneys, it violates attorney-client privilege.  *Brown v.*

7   *Superior Court*, 218 Cal.2d 430 (1963).

8          No.

9          Responding Party reserves the right to amend and/or supplement this response, as

10   discovery and investigation are ongoing and continuing.

11  **Form Interrogatory No. 14.1:**

12         Do you or anyone acting on your behalf contend that any person involved in the

13   incident violated any statute, ordinance, or regulation and that the violation was a legal

14   (proximate) cause of the Incident?  If so, identify the name, address and telephone number

15   of each person and the statute, ordinance, or regulation that was violated.

16  Response to Interrogatory No. 14.1:

17         Objection: The interrogatory calls for a professional opinion from a lay witness;

18   consequently the question is oppressive and harassing and without a foundational showing

19   of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Notwithstanding and

20   without waiving any of Responding Party's objections to this interrogatory, Responding

21   Party provides the following response:

22         No.

23         Responding Party reserves the right to amend and/or supplement this response, as

24   discovery and investigation are ongoing and continuing.

25  **Form Interrogatory No. 14.2:**

26         Was any person cited or charged with a violation of any statute, ordinance, or

27   regulation as a result of this incident?

28

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

EXHIBIT 7
71

1  Response to Interrogatory No. 14.2:

2       This interrogatory seeks information that may be protected from disclosure by the

3  attorney-client privilege and/or work product doctrine, including pursuant to Coito v.

4  Superior Court (2012) 54 Cal.4th 480, 501-502 and/or Nacht & Lewis Architects, Inc. v.

5  Superior Court (1996) 47 Cal.App.4th 214.

6       Responding to this interrogatory would necessitate the preparation or the making

7  of a compilation, abstract, audit, or summary of or from Plaintiff's documents, the burden

8  or expense of preparing or making said compilation, abstract, audit, summary would be

9  substantially the same for the propounding party as for Plaintiff, pursuant to Code of Civil

10  Procedure section 2030.230, Plaintiff refers propounding party to those documents

11  Plaintiff is producing concurrently herewith in response to propounding party's document

12  request from which the answer may be ascertained.

13       No as to responding party. Unknown as to Defendant.

14       Responding Party reserves the right to amend and/or supplement this response, as

15  discovery and investigation are ongoing and continuing.

16  **Form Interrogatory No. 17.1:**

17       Is your response to each request for admission served with these interrogatories an

18  unqualified admission? If not, for each response that is not an unqualified admission: (a)

19  state the number of the request; (b) state all facts upon which you base your response: (c)

20  state the names, addresses, and telephone numbers of all persons who have knowledge of

21  those facts; and (d) identify all documents and other tangible things that support your

22  responses and state the name, address, and telephone number of the person who has each

23  document or thing.

24  Response to Interrogatory No. 17.1:

25       No.

26       (a) Request for Admission No. 1, 3-8, 12-20, 24, 27-31;

27       (b) Plaintiff's medical records; Respondent slipped on a puddle of dirty water that

28           was present on the floor of the Walmart Inc. store in which she was shopping;

29

Following the incident, Plaintiff sought treatment for the injuries to her upper back, middle back, lower back, neck, chest, abdomen, right shoulder, bilateral arms, left knee, left leg, and headaches.

(c) Igor Fradkin, Esq., 3460 Wilshire Blvd., Suite 950, Los Angeles, CA 90010, (213) 389-3765; Latrice Thomas, 2738 Council St., #3, Los Angeles, CA 90026, (323) 482-7280; Brelin Laneheart, 124 W. 64th Street, Los Angeles, CA 90003, (818) 571-9351.

(d) Plaintiff's medical records.

Dated: March 30, 2018

**DOWNTOWN L.A. LAW GROUP**

By: _____

Igor Fradkin, Esq.
Attorney for Plaintiff,
LATRICE THOMAS

30

## VERIFICATION

I, LATRICE THOMAS, am the plaintiff in the above-entitled action.  I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET ONE,** and know the contents thereof; that said answers were prepared with assistance and advice of counsel; that the answers set forth above, subject to inadvertent or undiscovered errors are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these answers; that I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that the subject to these limitations, the answers are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California.

SIGNED: _Latrice Thomas_

DATED: _3/2ee/2018_

EXHIBIT 7
74

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3460 Wilshire Blvd., Suite 950, Los Angeles, CA 90010.

6

On March 30, 2018, I served the foregoing document described as:

7

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE**

8

9

on said parties in this action as follows:

10

Bron E. D'Angelo, Esq.
Justin R. Felton, Esq.

11

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

12

5901 W. Century Blvd., Ste. 1100
Los Angeles, CA 90045

13

*Attorneys for Defendant, Walmart, Inc.*

14

☑       **BY MAIL:**  I am familiar with this firm's practice of collection and processing

15

correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles,

16

California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date

17

is more than one day after date of deposit for mailing in affidavit.

18

I declare under penalty of perjury under the laws of the State of California that the

19

above is true and correct.

20

Executed on March 30, 2018, at Los Angeles, California.

21

22

23

Raphael Moreno

24

25

26

27

28

31

EXHIBIT 7

75

1  Daniel Azizi, Esq., SBN 268995
2  Igor Fradkin, Esq., SBN 299491
   **DOWNTOWN L.A. LAW GROUP**
3  3460 Wilshire Blvd., Suite 950
   Los Angeles, CA 90010
4  Tel.: (213) 389-3765
   Fax: (877) 389-2775
5  Email: Igor@downtownlalaw.com

6  Attorneys for Plaintiff, LATRICE THOMAS

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11  LATRICE THOMAS, an individual,          Case No. BC661128
                                            Judge: Hon. Patricia D. Nieto
12                   Plaintiff,             Dept.: 91

13         v.                               **PLAINTIFF'S RESPONSE TO**
                                            **DEFENDANT'S REQUEST FOR**
14                                          **ADMISSIONS, SET ONE**
    WALMART, INC.; and DOES 1-25, inclusive,
15                                          Complaint Filed:  May 11, 2017
                                            Trial Date:       November 13, 2018
16                   Defendants.

17

18

19  PROPOUNDING PARTY:     Defendant     WALMART, INC.

20  RESPONDING PARTY:      Plaintiff     LATRICE THOMAS

21  SET NUMBER:            ONE (1)

22         Pursuant to the California Code of Civil Procedure sec. 2030.010 et seq., Plaintiff

23  LATRICE THOMAS ("Plaintiff") hereby responds to Defendant WALMART, INC.'S

24  ("Defendant") First Set of Request for Admissions.

25                          **PRELIMINARY STATEMENT**

26         These responses are made in a good faith effort to provide propounding party with

27  as much information as is precisely known by this Plaintiff.

28

                                         1

1    As additional discovery occurs and this Plaintiff continues the investigation of this

2  matter, additional facts and documentation will be revealed, some of which may pertain to

3  Interrogatories which are being responded to herein.

4    Therefore, the following responses are given without prejudice to Plaintiff's right

5  to produce subsequently discovered evidence and documents at time of Trial relating to

6  presently known facts and documents, and to produce all documents and evidence,

7  whenever discovered, relating to the proof of subsequently discovered facts and

8  documents.

9    The fact that any Request has been responded to herein should not be taken as an

10  admission or acceptance of the existence of any facts or documents set forth or assumed in

11  such Request or its response or that such response constitutes admissible evidence.  No

12  admissions of any nature whatsoever are implied or should be inferred from these

13  responses.

14    Each response is subject to any and all objections as to competence, relevance,

15  materiality, propriety, and admissibility.  Each response is also subject to any and all

16  objections and may be interposes at the time of trial.

17    These responses are made solely for the purpose to this action.  The preliminary

18  statement is incorporated into each response.

19  **RESPONSES TO REQUEST FOR ADMISSIONS**

20  **Response to Request for Admission No. 1:**

21    Deny.

22  **Response to Request for Admission No. 2:**

23    Admit.

24  **Response to Request for Admission No. 3:**

25    Deny.

26  **Response to Request for Admission No. 4:**

27    Deny.

28  ///

2

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS, SET ONE**

EXHIBIT 8
77

1    **Response to Request for Admission No. 5:**

2         Deny.

3    **Response to Request for Admission No. 6:**

4         Deny.

5    **Response to Request for Admission No. 7:**

6         Deny.

7    **Response to Request for Admission No. 8:**

8         Deny.

9    **Response to Request for Admission No. 9:**

10        Admit.

11   **Response to Request for Admission No. 10:**

12        Admit.

13   **Response to Request for Admission No. 11:**

14        Admit.

15   **Response to Request for Admission No. 12:**

16        Deny.

17   **Response to Request for Admission No. 13:**

18        Deny.

19   **Response to Request for Admission No. 14:**

20        Deny.

21   **Response to Request for Admission No. 15:**

22        Deny.

23   **Response to Request for Admission No. 16:**

24        Deny.

25   **Response to Request for Admission No. 17:**

26        Deny.

27   **Response to Request for Admission No. 18:**

28        Deny.

3

1   **Response to Request for Admission No. 19:**

2        Deny.

3   **Response to Request for Admission No. 20:**

4        Deny.

5   **<mark>Response to Request for Admission No. 21:</mark>**

6        <mark>Admit.</mark>

7   **<mark>Response to Request for Admission No. 22:</mark>**

8        <mark>Admit.</mark>

9   **Response to Request for Admission No. 23:**

10       Admit.

11  **Response to Request for Admission No. 24:**

12       Deny.

13  **Response to Request for Admission No. 25:**

14       Admit.

15  **Response to Request for Admission No. 26:**

16       Admit.

17  **Response to Request for Admission No. 27:**

18       Deny.

19  **Response to Request for Admission No. 28:**

20       Deny.

21  **Response to Request for Admission No. 29:**

22       Deny.

23  **Response to Request for Admission No. 30:**

24       Deny.

25  ///

26  ///

27  ///

28  ///

4

1    **<u>Response to Request for Admission No. 31:</u>**

2         Deny.

3

4    Dated: March 30, 2018                    **DOWNTOWN L.A. LAW GROUP**

5

6                                        By: _____
                                             Igor Fradkin, Esq.
7                                            Attorney for Plaintiff,
                                             LATRICE THOMAS
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          5

VERIFICATION

I, LATRICE THOMAS, am the plaintiff in the above-entitled action.  I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS, SET ONE,** and know the contents thereof; that said answers were prepared with assistance and advice of counsel; that the answers set forth above, subject to inadvertent or undiscovered errors are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these answers; that I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that the subject to these limitations, the answers are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California.

SIGNED: _Latrice Thomas_

DATED: _3 / 24 / 2018_

EXHIBIT 8
81

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3460 Wilshire Blvd., Suite 950, Los Angeles, CA 90010.

5

6        On March 30, 2018, I served the foregoing document described as:

7

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS, SET ONE**

8

9    on said parties in this action as follows:

10   Bron E. D'Angelo, Esq.
     Justin R. Felton, Esq.

11   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
     5901 W. Century Blvd., Ste. 1100

12   Los Angeles, CA 90045

13   *Attorneys for Defendant, Walmart, Inc.*

14   ☑        **BY MAIL:**  I am familiar with this firm's practice of collection and processing

15            correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles,

16            California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date

17            is more than one day after date of deposit for mailing in affidavit.

18        I declare under penalty of perjury under the laws of the State of California that the

19   above is true and correct.

20        Executed on March 30, 2018, at Los Angeles, California.

21

22

23                                                    Raphael Moreno

24

25

26

27

28

6

---

Alex Padilla
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, June 19, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

C1634374   WAL-MART STORES, INC.

| | |
|---|---|
| Registration Date: | 02/03/1989 |
| Jurisdiction: | DELAWARE |
| Entity Type: | FOREIGN STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| | 818 W 7TH ST STE 930 |
| | LOS ANGELES CA 90017 |
| Entity Address: | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK AR 72201 |
| Entity Mailing Address: | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK AR 72201 |

A Statement of Information is due EVERY year beginning five months before and through the end of February.

| Document Type ⬍ | File Date ⬍ | PDF |
|---|---|---|
| SI-COMPLETE | 01/11/2017 | |
| PUBLICLY TRADED DISCLOSURE | 08/17/2016 | |
| SI-COMPLETE | 01/16/2016 | |
| PUBLICLY TRADED DISCLOSURE | 07/16/2015 | |
| PUBLICLY TRADED DISCLOSURE | 07/01/2013 | |
| PUBLICLY TRADED DISCLOSURE | 07/02/2012 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2010 | |
| PUBLICLY TRADED DISCLOSURE | 09/04/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2008 | |

EXHIBIT 9
83

6/20/2017                    Business Search - Business Entities - Business Programs | California Secretary of State

|  |  | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 06/07/2007 |  |
| PUBLICLY TRADED DISCLOSURE | 07/24/2006 |  |
| PUBLICLY TRADED DISCLOSURE | 06/29/2005 |  |
| PUBLICLY TRADED DISCLOSURE | 06/01/2004 |  |
| PUBLICLY TRADED DISCLOSURE | 12/09/2003 | Image unavailable. Please request paper copy. |
| REGISTRATION | 02/03/1989 | Image unavailable. Please request paper copy. |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- If the image is not available online, for information on ordering a copy refer to Information Requests.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Frequently Asked Questions.

| Modify Search |    New Search    | Back to Search Results |

EXHIBIT 9
84

Arkansas Secretary of State



*Search Incorporations, Cooperatives, Banks and Insurance Companies*

Printer Friendly Version
LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WAL-MART STORES, INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | THE CORPORATION COMPANY |
| Agent Address | 124 WEST CAPITOL AVENUE SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | DOUGLAS MCMILLON , President |
| | JEFFREY J GEARHART , Secretary |
| | ANTHONY WALKER , Vice-President |
| | CLAIRE BABINEAUX-FONTENOT , Treasurer |
| | STEVEN P WHALEY , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, 72716 |
| State of Origin | DE |

Purchase a Certificate of Good        Pay Franchise Tax for this corporation
Standing for this Entity

EXHIBIT 10
85