**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATRICE THOMAS, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>WalMart Stores, Inc., a corporation; and DOES 1-25, inclusive,<br><br>            Defendants. | CV 18-03422-RSWL-SK<br><br>**ORDER re: Plaintiff's Motion for Leave to File Second Amended Complaint and Order Remanding to State Court** [7] |

Currently before the Court is Plaintiff Latrice Thomas' ("Plaintiff") Motion for Leave to File Second Amended Complaint and Order Remanding to State Court ("Motion") [7].[1] Having reviewed all papers submitted

---

[1] The "First Amended Complaint" does not appear on the Court's Docket, and Defendant states that it was not served with the First Amended Complaint. Because removal was based on the Complaint, which Plaintiff does not challenge, the Court will treat the Complaint as the operative Complaint and this Motion as a motion for leave to file a first amended complaint.

1

pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff is an individual residing in Los Angeles County, California. Notice of Removal ¶ 12, ECF No. 1. Defendant WalMart Stores, Inc. ("Walmart") is a Delaware corporation with its headquarters in Arkansas. Id. ¶ 13. Mayra Hinojos (the store manager) is an individual residing in Los Angeles County, California. Pl.'s Mot. for Leave to File Second Am. Compl. ("Mot.") 8:20-21, ECF No. 7. On December 3, 2015, Plaintiff entered onto the premises of Walmart's store. Compl. ¶ 5, ECF No. 1-2. After finishing breakfast at Walmart's store, Plaintiff's foot got caught on a raised mat on the stairs that was not properly placed/secured, causing her to trip and fall.[2] Id.

Plaintiff asserts that because of this fall, she sustained severe injuries and will in the future continue to have great physical and emotional pain. Id. ¶ 8.

### B. Procedural Background

On May 11, 2017, Plaintiff filed her Complaint in Los Angeles County Superior Court against Walmart

---

[2] Plaintiff's proposed Amended Complaint alleges that Plaintiff was injured when "she slipped and fell on a liquid substance on the floor," Pl.'s Proposed Am. Compl. ¶ 8, ECF No. 7-2, which is not what was purported to have occurred in the original Complaint. Because Walmart does not contest this, it is not an issue before this Court.

2

alleging causes of action for (1) negligence and (2) premises liability. Id. ¶¶ 5, 11.

Walmart filed its Notice of Removal [1] on April 24, 2018. In its Notice of Removal, Walmart argued that diversity of citizenship exists because Plaintiff and Walmart are completely diverse. Notice of Removal ¶ 14. In response to Walmart's Notice of Removal, Plaintiff filed the instant Motion [7] on May 7, 2018. While the proposed Amended Complaint contains the same two causes of action against Walmart, it seeks to add Ms. Hinojos in place of DOE 1 Defendant. See Pl.'s Proposed Am. Compl. ¶ 2.

Walmart filed its Opposition [10] to Plaintiff's Motion on May 15, 2018. Plaintiff filed her Reply [11] on May 16, 2018.

## II. DISCUSSION

### A. Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When deciding to permit joinder under § 1447(e), courts consider the following six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join

3

the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

**B. Discussion**

    1. Whether Federal Rule of Civil Procedure 19(a) Would Require Ms. Hinojos' Joinder

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). Although the normal standard for Rule 19 is met "when failure to join will lead to separate and redundant actions," there is a less restrictive standard under § 1447(e). IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). In applying this less restrictive standard, "[c]ourts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Plaintiff contends that because Ms. Hinojos was manager of the store, responsible for training and

4

education of the store's employees, and verified that the store was "maintained according to industry standards," Ms. Hinojos is a required party in this Action. Pl.'s Reply in Supp. of Mot. ("Reply") 6:3-7, ECF No. 11. Although Plaintiff states Ms. Hinojos had "a high degree of involvement" in the occurrence that gave rise to this Action, id. at 6:8-10, Plaintiff fails to allege the details of Ms. Hinojos' involvement. These allegations show that Ms. Hinojos is more than tangentially related to the facts of this Action, and therefore, the Court can allow joinder under § 1447. However, "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Ward v. Apple Inc., 791 F.3d 1041, 1048 (9th Cir. 2015) (quoting Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) (per curiam)); see Evans v. Wal Mart Stores, Inc., No. CV 18-1792-DMG (PJWx), 2018 U.S. Dist. LEXIS 69017, at *3 (C.D. Cal. Apr. 24, 2018) (finding first factor did not weigh in favor of amendment under nearly identical facts to the instant Action). Because the facts cut both ways, this factor is neutral.

    2.   <u>Statute of Limitations</u>

Pursuant to California Civil Procedure Code section 335.1, a two-year statute of limitations governs personal injury claims. Here, Plaintiff's injury allegedly occurred on or about December 3, 2015, Compl. ¶ 5, and with a two-year statute of limitations,

Plaintiff would have had to file a claim against Ms. Hinojos by December 3, 2017. Both parties do not dispute that the statute of limitations has already expired and Plaintiff would be foreclosed from pursuing an action against Ms. Hinojos if the Court does not grant this Motion.³ Accordingly, this factor weighs in favor of granting leave to amend. See Trujillo v. Target Corp., No. 17-cv-06429 VAP (GJSx), 2017 U.S. Dist. LEXIS 178684, at *8 (C.D. Cal. Oct. 26, 2017).

   3. <u>Timeliness</u>

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083. Here, Plaintiff states that she has been attempting to discover the name of the store manager but was only able to do so after Plaintiff received Walmart's written discovery responses on March 28, 2018. Reply 2:12-16. Walmart filed its Notice of Removal on April 24, 2018. Plaintiff filed her Motion seeking to add Ms. Hinojos on May 7, 2018, a little over a month after receiving the discovery responses and just weeks after Walmart removed this Action. See Clinco, 41 F. Supp. 2d at 1083 (finding timeliness under § 1447(e) when the plaintiff sought to amend less than six weeks after

---

³ If the Court allows Plaintiff to join Ms. Hinojos, Plaintiff's claims against Ms. Hinojos would relate back to the date of the filing of her original Complaint, i.e., May 11, 2017.

6

removal). Accordingly, this factor weighs in favor of allowing the amendment.

### 4. Whether Joinder Is Intended Solely to Defeat Federal Jurisdiction

When looking at the motive for joinder, the court considers "whether joinder is intended solely to defeat federal jurisdiction." IBC Aviation, 125 F. Supp. 2d at 1011. Although "[m]otive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction," Boon, 229 F. Supp. 2d at 1023 (citing Clinco, 41 F. Supp. 2d at 1083), "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants," IBC Aviation, 125 F. Supp. 2d at 1012.

The timing of this Motion, just two weeks after removal, does give rise to an inference that Plaintiff is attempting to add Ms. Hinojos to destroy diversity. However, it does not rise to the level of "clear and convincing evidence" needed to prove the fraudulent joinder theory on which Walmart relies. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Although Plaintiff does not discuss her attempts at obtaining Ms. Hinojos' identity before learning it through discovery, Plaintiff stated that she only recently discovered Ms. Hinojos' identity and is adding her to permit adjudication against all

7

possible culpable parties.  It is not Plaintiff's burden to disprove fraudulent joinder, see McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987), and as the Court has noted above, suspicion of these diversity-destroying amendments is not as relevant due to the flexibility of § 1447(e).

Walmart has failed to satisfy the high burden of proof necessary to rebut the general presumption against fraudulent joinder.  Accordingly, this factor favors granting leave to amend.

    5.   Prejudice to Plaintiff

Under this factor, the Court looks to whether Plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder."  Boon, 229 F. Supp. 2d at 1025.  Such prejudice may occur "where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants."  Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800, at *5 (N.D. Cal. July 6, 2010).

Plaintiff correctly states that requiring duplicative federal and state lawsuits could be an unnecessary expenditure of judicial resources.  In the instant Action, this does not apply because the statute

of limitations has already run, thus preventing the possibility of any duplicative suits.

However, the fact that Plaintiff will be unable to pursue her claims against Ms. Hinojos in a separate action does show prejudice to Plaintiff. See Evans, 2018 WL 1960545, at *3, *5 (finding prejudice where the plaintiff was unable to pursue her claims against a Walmart store manager in a separate state court action because the statute of limitations had run). Therefore, this factor weighs in favor of allowing the amendment.

### 6. The Validity of the Claims Against the New Defendant

Under this last factor, the court considers "whether a new claim sought to be added seems to have merit." Clinco, 41 F. Supp. 2d at 1083. Further, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe, 811 F.2d at 1339 (citation omitted).

Walmart's argument for this factor rests upon three points: (1) California Labor Code section 2802 precludes individual employee liability, (2) there is no colorable claim against Ms. Hinojos based upon the holding in McCabe, and (3) Plaintiff fails to state a cause of action against Ms. Hinojos pursuant to Federal Rule of Civil Procedure 20.

9

1    First, although Walmart correctly states that it
2 may be responsible to indemnify Ms. Hinojos under
3 California Labor Code section 2802, Walmart confuses
4 indemnification with liability.  Section 2802 requires
5 an employer to indemnify an employee for liability
6 incurred by the employee in the scope of the employee's
7 employment; it does not render the employee immune from
8 liability altogether.  See Evans, 2018 U.S. Dist. LEXIS
9 69017, at *4.  Therefore, Ms. Hinojos can still be held
10 liable for Plaintiff's claims.
11   Second, Walmart cites McCabe to show that an
12 employee in the course and scope of her employment is
13 privileged and not subject to individual liability.
14 Opp'n 1:11-13.  "[T]he privilege discussed in McCabe
15 applies only to advice that a manager provides to his
16 or her employer."  Evans, 2018 U.S. Dist. LEXIS 69017,
17 at *4.  There is no evidence that Plaintiff's claims
18 arise out of advice Ms. Hinojos gave to Walmart, and
19 therefore, her conduct cannot be privileged.
20   Third, Walmart states the joinder is fraudulent
21 because Plaintiff fails to state a cause of action
22 against Ms. Hinojos.  Def.'s Opp'n to Pl.'s Mot. 7:26-
23 28, ECF No. 10.  Plaintiff has alleged claims of
24 negligence and premises liability against both Walmart
25 and Ms. Hinojos.  See Kesner v. Superior Court of
26 Alameda Cty., 384 P.3d 283, 301 (Cal. 2016) ("The
27 elements of a negligence claim and a premises liability
28 claim are the same: a legal duty of care, breach of

that duty, and proximate cause resulting in injury."). Plaintiff alleges that Ms. Hinojos "had sole and exclusive custody and control of the . . . premises and activities occurring at said premises, and owed a duty to this plaintiff and others." Pl.'s Proposed Am. Compl. ¶ 8. Further, Plaintiff alleges that Ms. Hinojos breached her duty to keep the premises in a good and safe condition, which resulted in Plaintiff's injuries. Pl.'s Proposed Am. Compl. ¶¶ 10, 14. Thus, Plaintiff has stated claims of negligence and premises liability against Ms. Hinojos.

Courts have specifically allowed a plaintiff to bring negligence and premises liability claims against store managers in situations similar to the instant Action. See, e.g., Trujillo, 2017 WL 4864490, at *5 (finding that a negligence and premises liability claim against a store manager appeared to have merit where he was responsible for the maintenance of the store and in charge of training and educating employees); Revay v. Home Depot U.S.A., Inc., No. 2:14-CV-03391-RSWL-AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (finding viable negligence and premises liability claims against a store manager because defendants had failed to establish that a store manager was immune from such claims under California law). Walmart has not provided any persuasive argument as to why this Action is any different than the above-cited cases. Because there appears to be a viable claim against Ms.

Hinojos, this final factor weighs in favor of allowing amendment.

In total, five of the six factors weigh in favor of allowing Plaintiff's amendment, and therefore, the Court **GRANTS** Plaintiff's request to amend her Complaint to add Ms. Hinojos. Ms. Hinojos' California citizenship must therefore be considered in assessing diversity jurisdiction. Because both Plaintiff and Ms. Hinojos are citizens of California, complete diversity does not exist, and the Court lacks subject matter jurisdiction over this Action. The Court therefore **GRANTS** Plaintiff's request to remand this Action.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion. Accordingly, the Action shall be remanded to the Superior Court of California for the County of Los Angeles, Case No. **BC661128**.

**IT IS SO ORDERED.**

DATED: June 19, 2018     S/ RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge